This is a rule to set aside a judgment which, upon the face of the record, appears to have been entered at Fall Term, 1810, of the Superior Court of Cumberland County. The irregularity complained of is that the judgment never was taken in term-time, but really was confessed out of court in the month of January, 1811, and entered by consent in vacation as of the preceding term. This allegation on the part of Anderson is supported
by his own affidavit, and corroborated by a letter from him to the plaintiff's agent, and produced by the agent in showing cause against this rule. It is moreover to be observed that room was allowed both parties to make or produce affidavits, and the facts in Anderson's affidavit being stated to be within the knowledge of Winslow, the plaintiff's agent, and if they were untrue should be denied by the agent. From this view, therefore, it seems clear that the entry upon the records was in vacation, and as of a term preceding the time of entering.
In support of this entry as a judgment it has been contended that the party by his own act has justified and authorized the entry upon the records, and that he ought not now to be heard when he endeavors to avoid it, unless he shall show equitable grounds; that as the court is called
upon to act, the applicant in such case should have merits on his side, or the court should not listen. And it is further contended that such judgments are in conformity with the English practice.
With respect to the merits of the applicant, we are all of opinion that if the entry of a judgment under the circumstances of this case could have any validity, that being so bound, and by his own consent, we would not release him but upon its appearing essential to justice. But we (79) think in this case that the whole entry and confession were totally void, and are utterly incapable of being made valid; no acquiescence, nor admission, or acknowledgment of the party being any more competent to validate than the first acknowledgment was to create. The cases cited from the English practice do not bear out the present. The judgments in their courts entered up in vacation were either founded upon proceedings actually had, in which a rule had been made for such judgment, or in virtue of powers of attorney for that purpose. In this case there was no previous proceedings, nor was there any power of *Page 63 
attorney. The parties undertake to constitute themselves into a court, and the debtor confesses judgment before the agent of the plaintiff.
Wherefore we are of opinion that the rule be made absolute, and that the entry of the judgment be vacated.
NOTE. — See Matthews v. Moore, 6 N.C. 181; Winslow v. Anderson,20 N.C. 9.
Cited: Austin v. Rodman, 8 N.C. 75; Tisdale v. Gandy, ib., 284; Reidv. Kelly, 12 N.C. 315.