A record is a memorial of a court of justice, which the (75) law deems authentic above all contradiction. Its purity ought, therefore, to be guarded with anxious vigilance lest any entry should go forth to the public as the act of a court which has not in reality become such according to the forms of law. The certificate of the clerk as to the truth of a record would have been conclusive upon the issue of nul tiel record, and parol evidence to prove that it had not regularly become such would have been inadmissible. Yet, when the inquiry *Page 44 
is now made as to the manner in which this apparent record was made up, it appears most satisfactorily that the entry was made by the clerk after the expiration of the term, and that the judgment was, in fact, pronounced by the judge after the right to do so had ceased. This is known to be frequently done and for the purpose of justice and the convenience of suitors, under the best intentions on the part of the judge, but still it cannot stand the test of legal examination. The effect of such a precedent might be most mischievous if the entry of a clerk, made upon his records after the term, were allowed to bind men's rights and property to any extent. Whereas few inconveniences can ensue from making the record speak the truth, provided an inquiry be instituted recently after the entry complained of has been made. In Slocumb v. Anderson, 4 N.C. 77, there was the consent of all parties, and the intent of the transaction was perfectly fair; but, inasmuch as the judgment was entered up in vacation, it was held to be a nullity, (76) and the entry on the record ordered to be vacated. That case is an authority for a like order in the present one. The judgment must be reversed and the entry of the clerk, made after term, be annulled and expunged.