This is a motion to vacate a judgment on an award, on the ground that it was entered up in vacation instead of during the term; and the first inquiry is, was it so entered? If we look only at the transcript of the record sent up by the clerk of the Superior Court, we perceive that the cause was referred at May Sessions, 1815, and the judgment is entered at August of the same year. This, however, is but a transcript of the record sent from the County to the Superior Court, and can *Page 144 
at best be only a copy of the record accompanying the appeal. A certified copy of the record of the proceedings in the County Court is filed in this Court, and relied upon by the plaintiff, by which it appears that the cause was referred at May Sessions, 1815, and that the order of reference is brought forward to August Sessions of the same year, when it is renewed, and an agreement subjoined that the award of the referees, made between that time and the Superior Court, is to be entered (284) as a judgment of the term, by consent of parties. It is evident, then, that no award was made at that time; otherwise the parties, to whom it must have been known, could not have consented to the future making of the award. The entry of judgment made at the same sessions was in pursuance of the agreement, and must, in the nature of things, have been inserted by the clerk after the award was returned. If any doubt remained on the subject, it is completely removed by the date of the award, which forms a part of the same transcript. It was made on 25 September, 1815, in the vacation, and after the Superior Court, the first day of which was the 18th of the same month. It is thus shown, without traveling out of the record or referring to the affidavits of the referees, that the judgment of the County Court was entered up in vacation, by the clerk, in partial execution of the previous agreement of the parties, though contrary to it as to the time of making the award.
This whole proceeding is therefore void in point of law, nor could any agreement of the parties, even if the award had been duly made in other respects, give it a legal existence. It was the judgment, not of the court, but of the clerk, whose acts cannot acquire a judicial authority by the consent of the parties, which can never alter the law. Nor can any subsequent release of errors by the party to be affected by this entry give it the validity of a judgment. Such a release is not of more forcible obligation than a previous consent, which, in Slocumb v. Anderson,4 N.C. 77, was held to be utterly unavailing, though it was a confession of judgment for a just debt. In that case it was decided that no acquiescence, admission or acknowledgment of the party being any more competent to validate than the first acknowledgment was to create. The judgment of the Court is that the entry on the docket of the County Court, purporting to be a judgment, be expunged.