[No. 3,054.]

# E. ROPER v. P. C. McFADDEN, THOMAS CLARK, JAMES BROOKS AND WILLIAM HAYES.

POWER OF ATTORNEY.—A power authorizing the attorney in fact to sell all the real estate of the principal, lying in the City and County of San Francisco, is good, without a particular description of the property owned by the principal.

IDEM.—The fact that a power of attorney is not acknowledged or recorded, does not affect its validity.

OBJECTION TO TESTIMONY.—It is not error to admit irrelevant testimony, if an objection that it is irrelevant is not made.

EVIDENCE IN EJECTMENT.—In ejectment, a deed to the defendant, executed subsequent to the commencement of the action, is admissible in evidence on his behalf, if a supplemental answer is filed, setting up the title acquired through the deed.

FILING SUPPLEMENTAL ANSWER.—If a supplemental answer contains a recital that it was filed by leave of the Court, and it is a part of the judgment roll brought up by the plaintiff on his appeal, the appellate Court will presume that there was an order of Court allowing it to be filed.

OBJECTION TO EVIDENCE.—If, on a trial before the Court without a jury, evidence is admitted, subject to an objection made, and afterwards, on the final hearing, the Court rejects it, this is sustaining the objection, and the party objecting cannot complain.

CONFLICT IN EVIDENCE.—The Judge of the Court below, who hears the oral testimony, and observes the conduct and bearing of the witnesses, is best able to pass on it when there is a conflict, or when there are discrepancies and inconsistencies, and the appellate Court will not disturb his finding.

ADMISSION OF DEED IN EVIDENCE.—If, in ejectment, there is evidence of the former possession of the party under whom the defendant claims, the deed of such party is admissible on behalf of the defendant.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a part of block sixty-three, in the City and County of San Francisco. The defendant in the course of the trial, offered in evidence the following power of attorney:

"Know all men by these presents, that I, Loren Davis, of the city of San Francisco, State of California, have made, constituted, appointed, and by these presents do make, constitute and appoint Nathaniel C. Lane, of the same

place, my true and lawful attorney for me and in my name, and for my account, to lease or sell any and all my real estate in San Francisco city, State of California, and for me and in my name, to execute and deliver lease, and quit-claim deed, for the same. Also to demand and receive, and give valid and sufficient acquittance for all moneys which shall become due and owing to me by means of such leases, sales or transactions connected with said real estate, giving and granting to my said attorney, full power and authority to do and perform every act above specified, as fully to all intents and purposes as I might or could do if personally present, hereby ratifying the same.·

In witness whereof, I have hereunto set my hand and seal this thirtieth day of July, in the year one thousand eight hundred and fifty-five.

LOREN DAVIS, [SEAL.] "

The plaintiff objected to the power because it did not describe any property, and was not acknowledged or recorded.

The Court overruled the objection.

The premises in controversy were within that portion of the City and County of San Francisco, where the title was vested in the first possessor. The defendants, McFadden and Clark, were the tenants of defendant Hayes. The defendant, Brooks, claimed to own, in severalty, a portion of the demanded premises. The defendants introduced testimony, tending to show that one Beideman was in possession of the demanded premises before 1854, and introduced in evidence a deed from Beideman to Holladay, dated May 25, 1854, and deeds from Holladay to Gilbert, from Gilbert to Barrett, from Barrett to Van Bokkelen, and from Van Bokkelen to Hayes, dated January 16, 1862. The defendants recovered judgment, and the plaintiff appealed.

The other facts are stated in the opinion.

*E. A. Lawrence,* for the Appellant.

*Wm. Hayes,* for the Respondents.

By the Court, Niles, J.:

1. The power of attorney from Davis to Lane was properly admitted. It purported to empower Lane to lease or sell and convey all of the real estate of Davis in the city of San Francisco. No description of the land was necessary. Nor does the fact that the power of attorney was not acknowledged or recorded affect its validity. We are unable to see in what respect the power was material evidence in the case, but no objection was taken upon the ground of irrelevancy.

2. There was sufficient evidence of the possession of Beideman to warrant the introduction of his deed to Holladay. The deed from Van Bokkelen to Hayes was a link in the same chain of title, and equally admissible.

3. The objection to the admission of the power of attorney from Davis to Taylor, and the deed from Davis to Hayes is placed upon the ground that they were made subsequently to the commencement of the action. It is an answer to this objection that supplemental answers were filed, setting up the title acquired through these deeds. These answers contain recitals that they were made, by leave of the Court, and they appear as a part of the judgment-roll, in the transcript brought up by the appellant himself. We shall presume there was an order of Court allowing them to be filed.

4. The objection to the tax-deed from Washburn to Hayes was substantially sustained. It was received " subject to objection " (by which we understand that the Court reserved the objection for future consideration), and on the final hearing the objection was sustained and the deed rejected as evidence.

5. This is not a case in which the decision and judgment of the Court below ought to be disturbed, upon the ground that the testimony was insufficient to support the decision. Apart from the evidence of the defendants in support of their title, the testimony on the part of the plaintiff was unsatisfactory. It presented discrepancies and inconsistencies which the Court below might very well find it

·difficult to reconcile, and upon which only the Judge who heard the oral testimony, and observed the. conduct and bearing of the witnesses is competent to pass. Upon well .settled principles his decision in this regard is final.

Judgment and order affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.