DOE *ex dem.* JOHN R. TAYLOR v. JOSEPH H. GOOCH.

*Pleading—Practice—Judgment, irregular, when and by whom vacated—Parties—Negligence.*

1. While a plaintiff cannot recover upon a title accruing after the commencement of an action to recover land, a defendant will be permitted by an amendment to his answer in the nature of a plea since last continuance to plead defects in the plaintiff's title, or matter validating his own, which accrued since the action began.

2. A judgment against a party then dead is irregular and may be set aside, within any reasonable time, upon the motion of a person who has acquired the interest of such deceased party since the action commenced, although such person was not a party to the suit.

3. In 1871, a judgment in ejectment was rendered against a defendant then dead; writ of possession issued in 1882, whereupon a party, who had acquired the interest of the deceased defendant, brought an action to set it aside, which was decided adversely to him upon the ground that his remedy was by motion in the cause; at the next term—in 1888—he made the motion: *Held*, that he had not been guilty of laches, and the motion was in apt time.

EJECTMENT, tried at Spring Term, 1891, of WARREN Superior Court, *Connor, J.,* presiding.

The original declaration was filed in 1852 in the Superior Court of Granville County, and, issue being joined, was removed to Warren, where several ineffectual trials were had. In 1878 there was a verdict and judgment for plaintiff, but it was subsequently ascertained that the defendant at that time was doad.

The plaintiff sued out a writ of possession in 1882, and immediately the heirs at law and the others claiming under the defendant brought an action to restrain the execution of the writ and to set aside the judgment. This action was decided against the plaintiff therein (*Knott* v. *Taylor,* 99 C., 11); whereupon, at the next term of the Superior Court, they made a motion in the original cause to vacate the judgment rendered in 1878, which was granted. The heirs at laws of the defendant Gooch were then made parties, who adopted the plea of their ancestor, and with the leave of the Court put in an answer, in the nature of a plea since last continuance, wherein they alleged that in the year 1802, one John Walker, being then seized of the lands in controversy, duly contracted in writing to convey it, upon the payment of purchase-money therein stipulated, to William Pannill, who immediately entered. into possession, and paid the purchase-money when it became due; that John Walker having died without executing a conveyance, Pannill instituted a proceeding in the Circuit Court for the Hillsboro Circuit, said Court having jurisdiction in the premises, against the administrator and heirs at law of the said John Walker, all of said heirs being infants, for the specific performance of said contract; that upon. the hearing of said proceeding, a decree was rendered by said Court declaring that the purchase-money due under said contract had been paid by said Pannill, and that the infants defendant heirs at law of the said John Walker make title to the

said William Pannill for said land when they should arrive at the age of twenty-one years; that during the year 1806, one John Washington having obtained a judgment, said William Pannill caused execution to issue thereon, and that pursuant thereto, the interest of the said William Pannill in said land was sold by the Sheriff of Granville County and purchased by the said John Washington, who took the Sheriff's deed therefor; the said John Washington died during the year 1826, devising by his last will and testament his interest in the said land to Delphine Washington, who conveyed the same by deed during the year 1848 to Joseph H. Gooch, the original defendant in this action, and the immediate ancestor of the present defendants.

It is admitted that the said John Washington went into the possession of the *locus in quo* immediately after the alleged sale by the said Sheriff of Granville County and alleged purchase by him in 1826, and that his widow and devisee took possession upon the death of her husband and so remained until she conveyed to defendant Gooch in 1848, who remained in such possession until the service of the declaration in this action.

The defendants, for the purpose of sustaining their plea since the last continuance, showed, in evidence, against plaintiff's objection—

1. The transcript of the record of the Court of Equity, as set up in their answer.

2. Deed from Stephen S. Parrott, administrator *de bonis non* of John Walker to William Pannill, Jr., Nancy Pannill and Elizabeth Otey, heirs at law of William Pannill, deceased, bearing date April 21st, 1857; and *mesne* conveyance from them to defendants.

The Court instructed the jury that the plaintiff was not entitled to recover. To this instruction the plaintiff excepted.

The verdict was returned for the defendants, and judgment was rendered thereon by the Court; from which plaintiff appealed.

*Mr. J. B. Batchelor,* for plaintiff.
*Mr. J. W. Hays,* for defendants.

CLARK, J.: The purchase-money having been paid in full by William Pannill, the heirs at law of the vendor were naked trustees of the legal title for his benefit. In a Court of competent jurisdiction, in a proceeding to which the heirs at law of the vendor and the vendee were parties, it was adjudged in 1803, that the former execute title to the said vendee. With that decree in force and unimpeached, it is clear that the heirs at law cannot take advantage of their own wrong in not having executed the decree to recover from the beneficial owner the land, for which it is adjudged that he had already paid in full, and which their ancestor had covenanted to convey to him whenever such payment had been made.

By virtue of ch. 478, Acts 1797—Rev. Code, ch. 46, § 37 (and substantially re-enacted in *The Code,.* § 1492), the administrator *de bonis non* of the vendor subsequently in 1855 registered the bond to make title in the proper county, and conveyed the legal title to Pannill's heirs at law, who, in turn, in 1857 conveyed to Gooch, then the defendant in this action. This, by virtue of the statute, passed, as against the plaintiff, the naked legal title, which alone she could claim as an heir at law of the vendor. This was set up as a plea since last continuance and was properly allowed by the Court since it could not have been pleaded when the answer was filed, and the defendant was entitled to the benefit of it. In *Johnson* v. *Swain,* 44 N. C., 335, such plea was allowed where plaintiff acquired possession after suit brought, and of course is allowable here, where the title passed out of the

plaintiff by virtue of the statute. It is immaterial to consider whether it was strictly an amendment to the answer, or a plea since last continuance.˙ A plaintiff cannot recover on a title accrued since action begun. If he sues too soon, he can take a nonsuit and begin over again. Not so with the defendant. If the Court cannot permit him to set up a defect in plaintiff's title, or a matter validating his own, which accrues since action brought, the defendant would be without remedy since the judgment obtained against him for want of such plea would be an estoppel. The statute then in force gave the Court the fullest power to permit this amendment to the answer. It provides that the Court may "amend any process, pleading or proceeding, either in form or substance." R. C., ch. 3, § 1.

It is immaterial to consider what interest passed to Washington under the execution sale against Pannill in 1806, subsequent to the decree of 1803, but prior to the act of 1812, authorizing the sale of trust estates—which point was somewhat considered when this case was here the second time (in 1857) 49 N. C., 436—because after that time the above conveyances placed the legal title and the right of Pannill's heirs also in Gooch, who held already whatever rights, if any, had passed under the execution sale.

The judgment taken against Gooch in 1878, after his death, was irregular and voidable, and was properly set aside by a motion in the cause. It is objected that the motion could not be made by the mover, who was not a party to the original action, but who had acquired his interest in the subject matter of the suit under Gooch since action begun. But it has been held in a proceeding between these same parties, *Knott* v. *Taylor*, 99 N. C., 511, that he can make such motion. It would be very strange if he could not, since it is held in that case that he could not set up his rights and enjoin the execution of plaintiff's writ of possession in an independent action.

An irregular judgment can be set aside upon motion within any reasonable time. *Harrell* v. *Peebles,* 79 N. C., 26; *Austin* v. *Rodman,* 8 N. C., 71; *Wade* v. *Odeneal,* 14 N. C., 423 *Keaton* v. *Banks,* 32 N. C., 381; *Bender* v. *Askew,* 14 N. C., 149; *Blue* v. *Blue,* 79 N. C., 69.

The judgment was taken against Gooch in September, 1878, after his death. A writ of possession was sued out thereon in 1882, and immediately the present mover in this cause instituted proceedings to restrain the plaintiff. At Spring Term, 1888, of this Court, it was decided that the mover had mistaken his remedy, which should be by a motion in the cause. *Knott* v. *Taylor, supra.* At the first term thereafter of the Court below, in September, 1888, this motion in the cause to set aside the judgment was made. It was in apt time. There has been no acquiescence or sleeping on his rights by the party aggrieved. It is not shown that he had any knowledge of the judgment till plaintiff sued out his writ of possession in 1882, and it is not probable that he had.

This is the fifth time this matter, which has been in litigation more than forty years, has been in this Court. The defendants, and those under whom they claim, have been in continuous and unbroken possession of the premises for ninety years. Eighty-nine years ago a decree was made in a cause pending between the parties under whom the plaintiff and defendants, respectively, claim, adjudging that those whose title and possession the defendants hold had paid in full for the premises, and adjudging that the plaintiff's ancestor execute title to the same.

This action, having begun long before the adoption of the present reformed procedure, our old friends John Doe and Richard Roe figure as parties to the action. It is probably their last appearance upon the legal stage in this State. Originally introduced as a means of evading the excessive

technicalities of the old real action, the disappearance of the fiction marks a still more notable advance in the progress and simplification of the methods of legal procedure.

.Affirmed.