### BUSH v. PIONEER MINING CO. et al.

(Circuit Court of Appeals, Ninth Circuit.   May 2, 1910.)

#### No. 1,755.

1. EJECTMENT (§ 84*)—PLEADING AND EVIDENCE—EVIDENCE ADMISSIBLE UNDER PLEADINGS.

In ejectment, the plaintiff must recover, if at all, on his title as it existed at the time of the commencement of the action, and evidence of any after-acquired title is inadmissible, unless the foundation therefor has been laid by a supplemental complaint, under the authority of a statute which permits the filing thereof in actions at law.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. § 231; Dec. Dig. § 84.*]

2. PLEADING (§ 274*)—SUPPLEMENTAL COMPLAINT—NATURE AND REQUISITES.

The rule of practice under statutes allowing the filing of supplemental complaints in actions at law is similar to that of the chancery courts in reference to supplemental bills; and the supplemental complaint differs from an amended complaint in that it does not take the place of the original pleading, but stands with it, and adds to it some fact which has occurred since the beginning of the action, which fact must be set forth therein.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 832; Dec. Dig. § 274.*]

3. EJECTMENT (§§ 76, 84*)—PLEADING (§ 428*)—SUPPLEMENTAL COMPLAINT—SUFFICIENCY—EVIDENCE.

An amended complaint in ejectment, filed by leave of court, which merely alleged a cause of action, as did the original complaint, and which did not allege any fact occurring after the filing of the original complaint, cannot be construed as a supplemental complaint, under Carter's Code Civ. Proc. Alaska, § 98, which permits the filing of a supplemental complaint "alleging facts material to the case occurring after the former complaint," and does not warrant a recovery by plaintiff on a title acquired after the commencement of the action, which was not pleaded therein; nor does the defendant waive the right to object to the introduction of evidence of such title by failing to demur to the amended complaint.

[Ed. Note.—For other cases, see Ejectment, Cent. Dig. §§ 212, 231; Dec. Dig. §§ 76, 84;* Pleading, Cent. Dig. §§ 1433–1436; Dec. Dig. § 428.*]

4. PLEADING (§ 274*)—"SUPPLEMENTAL COMPLAINT."

A "supplemental complaint" is one which assumes that the original complaint is to stand, and must consist of facts which had arisen since

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the filing of the original complaint, and must relate to matters which had occurred subsequent to the commencement of the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 832; Dec. Dig. § 274.*

For other definitions, see Words and Phrases, vol. 8, p. 6799.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Action by William H. Bush against the Pioneer Mining Company, the Nome Exploration Company, the Bear Mining & Trading Company, O. W. Carlson, R. D. Adams, and A. N. Ashley. Judgment for defendants, and plaintiff brings error. Affirmed.

On September 26, 1906, the plaintiff in error filed a complaint in ejectment against the defendants in error to recover the possession of an undivided one-fourth interest in a mining claim. In the complaint it was alleged that the plaintiff therein owned and was entitled to the possession of an undivided one-fourth interest in the Daisy or Big Clid claim, since 1905, through mesne conveyances from F. F. Bowers, who, the complaint alleged, located the claim on August 1, 1900, and thereafter, on January 12, 1901, filed an amended location thereof. In August, 1907, the plaintiff moved the court for leave to file an amended complaint, and based the motion "on records and files in the above-entitled action, and facts occurring subsequent to the filing of the original complaint," but without specifying what were the records and files or facts relied upon. On August 14, 1907, the amended pleading was filed, and it was designated an "amended complaint." It did not, as did the original complaint, set forth the deraignment of the plaintiff's claim of title, but described the mining claim by metes and bounds, and alleged title in the plaintiff of an undivided one-fourth interest therein, and his right to the immediate possession thereof "under and by virtue of valid and subsisting locations made by his predecessors in interest, under the mineral land laws of the United States, on and subsequent to August 1, 1900, who thereafter conveyed to said plaintiff by certain mesne conveyances an undivided one-fourth interest of, in, and to said premises." The defendants moved to make this complaint more definite as to the specific acts of location under which the plaintiff claimed, but the motion was overruled. The defendants answered the amended complaint, setting up claim of title under locations prior in date to the Bowers location, and the cause went to trial before a jury. On the trial the plaintiff introduced his evidence of the location made by Bowers on August 1, 1900, and of the amended location of January 12, 1901. He also sought to recover on a title derived through one Alexander, who claimed to have located the land on January 1, 1901. The deposition of Alexander, containing the evidence of his location, was introduced; but it was struck out when it was shown that the deed from Alexander to the plaintiff was not made until July 19, 1907, long after the commencement of the action. The jury returned a verdict for the defendants in error.

Albert H. Elliot, Hobbes & Bell, Geo. D. Cochran and John J. Reagan, for plaintiff in error.

Ira D. Orton, Campbell, Metson, Drew, Oatman & Mackenzie and E. H. Ryan, for defendant in error Pioneer Mining Co.

Ira D. Orton, A. J. Daly, Albert Fink, Campbell, Metson, Drew, Oatman & Mackenzie, and E. H. Ryan, for defendant in error Nome Exploration Co.

Joseph Hutchinson, for defendants in error Bear Mining & Trading Company, Carlson, Adams, and Ashley.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILBERT, Circuit Judge (after stating the facts as above). Error is assigned to the rejection of the deposition of Alexander and of his deed to the plaintiff in error, made after the commencement of the action. In ejectment the plaintiff must recover, if at all, upon the state of his title as it subsisted at the time of the commencement of the action. Evidence of any after-acquired title is inadmissible, unless the foundation therefor has been laid by a supplemental complaint, under the authority of a statute which permits the filing thereof in actions at law. There is such authority in section 98, p. 164, Carter's Code Civ. Proc. Alaska, which provides that:

"The plaintiff and defendant respectively may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the case occurring after the former complaint, answer or reply."

The rule of practice under such statutes is similar to that of the chancery courts in reference to supplemental bills, and the supplemental complaint differs from an amended complaint in that it does not take the place of the original pleading, but stands with it and adds to it some fact which has occurred since the beginning of the action. That fact must be set forth in the supplemental complaint. If the fact be that the plaintiff in ejectment has, since the commencement of the action, acquired a new or different title from that on which he brought his action, he must allege the fact, so that the defendant may be apprised of what he is required to meet. In Musselman v. Manly, 42 Ind. 462, the court said:

"A supplemental complaint is not, like an amended complaint, a substitute for the original complaint, by which the former complaint is superseded; but it is a further complaint, and assumes that the original complaint is to stand. A supplemental complaint must consist of facts which had arisen since the filing of the original complaint, * * * and must show upon its face that it is supplemental, and relates to matters which had occurred subsequent to the commencement of the action."

Cases in point are Reily v. Lancaster, 39 Cal. 354; Roper v. McFadden, 48 Cal. 346; Taylor v. Gooch, 110 N. C. 387, 15 S. E. 2; Johnson v. Briscoe, 92 Ind. 367; Samuel Kahn v. Old Telegraph Mining Co., 2 Utah, 174; Hardy v. Johnson, 1 Wall. 371, 17 L. Ed. 502.

It is argued that the so-called amended complaint was in fact a supplemental complaint, sufficient to bring to the attention of the court and the opposite party notice of a fact which occurred subsequent to the commencement of the action, and that the language of the motion for leave to file it, in referring to facts occurring since the filing of the original complaint, advised the defendants that it was a supplemental complaint, upon which the plaintiff proposed to introduce evidence of the newly acquired title. We may concede that, while a supplemental complaint should properly be designated as such, nevertheless, under the liberal rules of code pleading, the name given to the pleading by the pleader may be disregarded, and its true nature may be determined by the allegations which it contains. But the question here is whether the allegations of the so-called amended complaint were such as to indicate that it was in fact a supplemental complaint, and that the plaintiff in the action intended to offer proof of a title acquired after its commencement. To this question there can be but one answer.

There was no allegation that the plaintiff had or intended to rely on a title acquired since the commencement of the action. The allegation that the plaintiff claimed under locations made on and subsequent to August 1, 1900, "who thereafter conveyed to said plaintiff," was not a statement of a fact occurring after the commencement of the action.

But it is contended that the defendants in error waived their right to question the amended complaint, or to deny that it was a supplemental complaint, by going to trial without demurring thereto, and authorities are cited to the proposition that where no cause of action is stated in the original complaint, and a supplemental complaint is filed for the purpose of setting up a cause which has subsequently arisen, and the defendant makes no objection to such supplemental complaint, but permits the cause to be heard on the merits, he waives all objection to the supplemental complaint based on the insufficiency of the original complaint. But the doctrine of those decisions is not involved. In this case the original complaint sufficiently and properly pleaded a cause of action in ejectment. The same may be said of the amended complaint. There was nothing, therefore, to be waived by the defendants by going to trial, as they did, without demurring to the second complaint, which apparently was intended to take the place of the first. The motion which they made to require the plaintiff to set forth more definitely the nature of his claim of title could have been denied by the court only upon the theory that the second complaint was in fact what it purported to be, an amended complaint. As an amended complaint, to stand in place of the original complaint, it contained all the averments essential to good pleading in ejectment; but as a supplemental complaint it was fatally defective in not specifying the facts which had arisen since the commencement of the action, and which made a supplemental complaint necessary.

The judgment is affirmed.