MARSHALL SILVER MIN. CO. ET AL. v. KIRTLEY ET AL.

1. MINES — PATENT — CONSOLIDATING ADVERSE CLAIMS — OBJECTIONS NOT RAISED BELOW.— An allegation in the complaint in an action for the recovery of possession of a mining claim that the action is brought in support of adverse claims must be regarded as determining the character and object of the action, viz., to establish plaintiff's right to possession by reason of a valid location thereof under the adverse claims in support of which the action is brought, and to stay defendant's proceedings under his application for a patent until plaintiff's right under his adverse claims may be adjudicated.   It therefore becomes a material question whether the requirements of the statute in relation to filing such claims have been complied with; and an allegation in the answer that defend-

ant's right to a patent was not adversed by a claim under which plaintiff claims the right of possession of the premises in controversy presents a good defense.

2. An adverse claimant, who has brought an action in support of his adverse claim, may be permitted by the court to bring in other adverse claims by a supplemental complaint, if they have been duly filed, and are so brought within the time limited for bringing an action in support thereof, though he may have acquired the right to them by purchase after the commencement of the action.

3. The objection that the evidence shows that plaintiff did not bring the action in support of his adverse claim within thirty days after filing such claim cannot be raised for the first time in the supreme court.

4. PETITION FOR REHEARING — ORAL ARGUMENT ABANDONED.— When a regularly submitted cause has been referred, by order of this court, to the supreme court commissioners for examination and to report an opinion therein, and by request of counsel it is set down for oral argument before the commissioners on a day certain, unless reasonable diligence be employed by counsel in making their arguments, the request for oral argument will be treated as abandoned and the commissioners directed to proceed with the case as submitted. Where, after inexcusable neglect on the part of counsel to argue a case orally, the commissioners have reported an opinion which has been approved by the court, it will not be set aside and a new trial granted because an oral argument had not been heard.

## Appeal from District Court of Gilpin County.

THIS action was brought by appellees, Jeremiah Kirtley, Silas C. Bennett, Charles A. Martine, Jasper N. Roberts and Elisha S. Weaver, who were plaintiffs below, against the Marshall Silver Mining Company, to recover possession of the Kirtley lode mining claim, an undivided one-half of the Junction lode mining claim, and an undivided three-fourths of the Trade Dollar lode mining claim, and it was averred in the complaint that the action was brought in support of an adverse claim filed against said defendant's applications for a patent for the Wash Lewis and Henry lode mining claims.

The defendant, answering the complaint, denied plaintiffs' title to said mining claims, admitted that the action

was brought in support of an adverse claim as to so much of the Kirtley claim as is covered by the Wash Lewis claim, but denied that it was brought in support of an adverse claim as to the remaining portion of the Kirtley claim, and, as to the Junction and Trade Dollar claims, alleged that plaintiffs failed to bring any adverse claims in support of their title or pretented title to said Junction and Trade Dollar mining claims within the sixty days during which defendant's applications for a patent for the Wash Lewis mining claim and for a patent for the Henry mining claim were published, and that by such failure plaintiffs were barred from asserting title to either the Junction or Trade Dollar claims, so far as said claims conflicted with or were covered by either the said Wash Lewis claim or the said Henry claim; alleged that defendant claimed the right to occupy and possess all that part of the Junction and Trade Dollar claims lying within the exterior lines of said Wash Lewis and Henry claims by the pre-emption, discovery and location, as parcels of said Wash Lewis and Henry claims, and also by reason of the failure of the plaintiffs to file adverse claims in favor of said Junction and Trade Dollar claims against said Wash Lewis and Henry claims.

Plaintiffs' demurrer to so much of defendant's answer as alleged a failure to adverse the Wash Lewis and Henry claims, based upon the grounds that if said allegations were true the facts would be no bar to the action, and that a failure to adverse is no bar to bringing an action to try title to claims for which no entry has been made, was sustained.

By a supplemental complaint the plaintiffs seek to recover possession of the west one thousand four hundred and twenty-six feet of the Steam-Boat lode mining claim. A motion to strike out this supplemental complaint was denied.

Defendant's answer to said supplemental complaint puts in issue all the material allegations thereof, and al-

leges that the land claimed or covered by the said Steam-Boat claim is covered by patents issued to defendant by the United States for the No. 8, No. 10 and O. K. lode mining claims, and by applications by defendant for patent for the Wash Lewis and Henry claims, and that no adverse claim was filed on behalf of said Steam-Boat claim against said applications for patent by defendant within the period allowed by law for filing adverse claims, and that defendant is the owner of said patented claims, and is the owner of and has the right to occupy and possess said unpatented claims.   A demurrer to so much of the answer to the supplemental complaint as relates to the applications for patents for the Wash Lewis and Henry claims, on the ground that the allegations thereof are not sufficient to constitute a defense, was sustained.

The Colorado Central Consolidated Mining Company was made co-defendant on its petition.

The jury, by their verdict, found that plaintiffs were entitled to the premises in conflict between the Kirtley and Henry lodes, between the Kirtley and Wash Lewis lodes, between the Trade Dollar and Henry lodes, and between the Junction and Henry lodes; and as to the Steam-Boat and No. 10 lodes they found that plaintiffs were the owners of a certain portion of the Steam-Boat lode, and were entitled to the possession thereof, excepting the grounds embraced within the lines of the O. K. lode.

The judgment entered on the verdict is for the recovery of the premises therein described, excluding so much thereof as are embraced within the side and end lines of the No. 7, No. 8, No. 10 and O. K. claims.

Messrs. MORRISON & FILLIUS, for appellants.

Mr. L. C. ROCKWELL, for appellees.

RISING, C.   The ruling of the court upon the plaintiffs' demurrer to the defense, set up in the answers, based upon the failure to adverse the Wash Lewis and Henry claims

with the Junction and Trade Dollar claims, is assigned for error.

In considering the question presented by this assignment it is proper to first examine the pleadings for the purpose of ascertaining the object of the action. The complaint contains the proper allegations for an action brought to recover the possession of the Kirtley lode, the undivided one-half of the Junction lode, and the undivided three-fourths of the Trade Dollar lode, and also contains the further allegation that the action is brought in support of an adverse claim filed against the applications for patent for the Wash Lewis and Henry lodes.

It is contended by counsel for defendant in error that the last allegation tenders an immaterial issue, and that the sole object of the action is to recover the possession of the premises described in the complaint, and that its determination does not in any manner depend upon and cannot be affected by the filing, or by the failure to file, adverse claims against the applications for patents to the Wash Lewis and Henry lodes; while counsel for plaintiff in error contend that the object of the action is to have adverse claims against the issuance of patents to the Wash Lewis and Henry lodes determined.

Section 2325, Revised Statutes of the United States, prescribes the necessary steps to be taken by an applicant to obtain a patent for mineral land, and declares: "If no adverse claim shall have been filed with the register and the receiver of the proper land-office at the expiration of the sixty days of publication, it shall be assumed that the applicant is entitled to a patent upon the payment to the proper officer of five dollars per acre, and that no adverse claim exists, and thereafter no objection from third parties to the issuance of a patent shall be heard except it be shown that the applicant has failed to comply with the terms of this chapter."

Section 2326 declares: "Where an adverse claim is filed during the period of publication, it shall be upon

oath of the person or persons making the same, and shall show the nature, boundaries and extent of such adverse claim, and all proceedings, except the publication of notice, and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim."

By these provisions of the statute the filing of an adverse claim is made the first step to be taken in proceedings for determining the right of possession and title under a valid location, for the purpose of establishing the right to a patent; and upon taking this step the issuance of a patent is stayed until such right has been determined or has been waived by the party filing such adverse claim. That a party who commences an action under the statute to determine such right of possession must stand or fall by the rights which he has asserted in his adverse claim seems evident from the requirement of the statute that the nature, boundaries and extent of such adverse claim must be shown by the adverse claim filed.

The issuance of a patent to the applicant cannot be stayed by reason of some one else claiming a better right to the possession of the premises, unless the person making such claim files the same against the claim made by the applicant.

An action brought in support of such adverse claim must be based upon the rights asserted in such claim, for the reason that it must be conclusively assumed that no adverse claim exists except such as have been filed. The allegation in the complaint that the action is brought in

support of adverse claims must be held as determining the character and object of the action, and such object is to establish plaintiff's right to the possession of the premises in controversy, by reason of a valid location thereof under the acts of congress, under the adverse claims in support of which the action is brought, and to stay defendant's proceedings under the application for a patent thereto until the right of the plaintiff under said adverse claims may be adjudicated. *Wolfley v. Mining Co.* 4 Colo. 112, 117; *Wight v. Dubois*, 21 Fed. Rep. 693. In *Mining Co. v. Mining Co.* 4 Sawy. 302, 318, it is said by Justice Field that, under the act of 1872, "when one is seeking a patent for his mining location, and gives proper notice of the fact as there prescribed, any other claimant of an unpatented location objecting to the patent of the claim, either on account of its extent or form, or because of asserted prior location, must come forward with his objections and present them, or he will afterwards be precluded from objecting to the issue of the patent."

The object of an action brought in support of adverse claims being to determine the plaintiff's right of possession and title under such claims, it becomes a material question in the case whether the requirements of the statute in relation to the filing of such claims have been complied with, as the very basis of the action is the filing of such adverse claims in the land-office; and when it is alleged in defendant's answer that his right to a patent was not adversed by a claim under which plaintiff claims the right of possession to the premises in controversy, such answer presents a defense as against such claim. It follows, therefore, that the court erred in sustaining the demurrer to the defense alleging a failure to adverse the Wash Lewis and Henry claims with the Junction and Trade Dollar claims.

Appellants, in instruction No. 4, requested the court to instruct the jury that the plaintiffs were confined to such title to the premises in controversy as they had at the

time the action was commenced, and the refusal to give such instruction is assigned for error.   We know of no reason why an adverse claimant who has brought an action in support of his adverse claim may not be permitted by the court to bring in other adverse claims by a supplemental complaint, if the same have been duly filed, and are so brought within the time limited for the commencement of an action in support thereof, although he may have acquired the right to the possession of such claims by purchase after the commencement of the action.   As such purchaser he could bring an independent action in support of the adverse claim filed, and if brought in the same court where the first action was pending, the court might order the cases consolidated.   We see no objection to the bringing in of such adverse claims by supplemental pleadings.   The instruction was properly refused.

It is contended by counsel for appellants that the failure of an adverse claimant to bring an action in support of his adverse claim within thirty days after filing such claim is a waiver thereof, and that the application of this rule takes the Junction out of the case, it being shown by the evidence that the action was brought on the thirty-first day after the filing of an adverse claim under the Junction location; but appellee contends that this question cannot be raised for the first time in the case in this court.   We think this point made by counsel for appellee is well taken.

Error is assigned upon the giving of each of the instructions requested by the plaintiffs, but in the argument of counsel no objection to these instructions is urged except to certain portions of instruction No. 1; and as to such portions it is contended, as to some parts thereof, that the burden of proof is thereby placed on the defendants, when it should properly be made to rest on the plaintiffs, and that, by another portion of said instruction, the jury were authorized to find against the

defendants for the entire area of the premises in conflict with each of the adverse claims relied on by the plaintiffs, upon a showing by plaintiffs of a better title under either of such claims. We do not think these objections to the instructions are well taken.

Under the holding that the object of the action is to establish plaintiffs' right of possession under the adverse claims in support of which it was brought, by reason of a location thereof in compliance with the provisions of the statute relating to the location of mining claims, the consideration of many of the assignments of error is made unnecessary, for the reason that the questions raised thereby are substantially the same as the question determined, or are such as will by such holding be eliminated from the case on a new trial.

The judgment should be reversed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*

### UPON PETITION FOR REHEARING.

PER CURIAM. The present application for a rehearing is predicated upon the following among other grounds: "*First.* Because this action was heard and decided by the commission after this court had allowed an oral argument to be made, and the day had been fixed for the same by the commission; but upon motion of R. S. Morrison, attorney for appellant, the argument of the cause was postponed, and before another day was fixed the cause was taken up and decided."

This statement, unexplained, leaves the action of the court and commission in the premises subject to unjust criticism. Oral arguments are favored, and so far as possible the convenience of counsel is consulted in connection therewith. To show that in this case everything

within reason was done to have such an argument, a brief review of facts, as shown by the records and report of the commission, is alone necessary.

The cause was first set for oral argument in pursuance of a written stipulation on the 28th of August, 1888. On the 15th of September following it was taken out by the commission for final decision.   Concerning the postponement of the argument from August 28th we are not advised.   But on September 20th counsel for the parties appeared before the commission and orally stipulated that the argument should be set for October 11th, at 10 o'clock, A. M.   They then also agreed to furnish maps of the premises in controversy for examination by the commission before the day thus fixed.   Two maps were handed in by one of the parties in pursuance of this agreement.   On October 4th a written stipulation, signed by the counsel of record, was filed, resetting the argument for the 25th of that month.   On the 25th of October the counsel again appeared, and agreed that the oral argument should be postponed until the return of Mr. Morrison, counsel for appellant, from Washington, which would be in a few days.   Several weeks later the attention of counsel for appellee was again called to the matter, without evoking any suggestion or request or satisfactory comment.   No further steps were taken by either party to have the oral argument heard, and on the 29th of March, five months and four days after the last day set therefor, the final opinion was filed.   It was not, nor is it yet, shown that Mr. Morrison did not return in a few days, or that the argument might not have been made long prior to the filing of this opinion.   In the meantime parties interested in the litigation were appealing for a speedy determination thereof, and censuring the court on account of its great delay in the premises, the cause having been pending upwards of six years, two and a half years of which period had been consumed in the preparation of abstracts and briefs.

No explanation or excuse having been given concerning the long delay, the court assumed that the oral argument had been abandoned, and directed the commission to report an opinion deciding the appeal. For seven months that body had had the case under consideration, and its members were about to go out of office. It was therefore important that the matter be disposed of when it was. Besides, further procrastination would hardly have been excusable. The interests of the litigants were entitled to some consideration, and a final disposition of the appeal was due to them, so that the long and tedious litigation might be terminated.

The remaining matters relied upon in support of the present petition are in our judgment likewise without substantial merit, and the rehearing is denied.

*Rehearing denied.*