THE LILY MINING COMPANY, a Corporation, Respondent, v. RALPH M. KELLOGG, Appellant.

No. 1404.   (74 Pac. 518.)

1. **Mines and Mining: State and Federal Laws: Adverse Claims.**
    In an action to determine the right of possession of a lode and mining claim, arising out of proceedings had in the United States land office, state statutes regulating generally actions for the recovery of real property, or questioning the title thereto, have no application, in view of the provisions of Revised Statutes, United States, 2326 (U. S. Comp. St. 1901, p. 1430), relating to mining, and providing for the filing of adverse claims.

2. **Same: Presumption.**
    Where no claim adverse to a mining claim sought to be patented under the mining laws of the United States is filed in the time limited by Revised Statutes, United States, section 2325 (U. S. Comp. St. 1901, p. 1429), it will be conclusively presumed that the applicant is entitled to a patent, and that no adverse claim exists.[1]   HALL, District Judge, dissenting.

---

[1] Lavagnino v. Uhlig, 26 Utah 1, 71 Pac. 1046.

(Decided December 16, 1903.)

Appeal from the Fourth District Court, Utah County.
—*Hon. T. Marioneaux,* Judge.

Action to determine the right of possession to certain mining claims under an adverse. From a judgment in favor of plaintiff, defendant appealed.

MODIFIED.

*Andrew Howat, Esq.,* and *M. M. Kellogg, Esq.,* for appellant.

*Messrs. King, Burton & King* for respondent.

### STATEMENT OF FACTS.

It appears from the record that the defendant, Ralph M. Kellogg, claiming to be the owner of the Ralph lode and mining claim, on or about the second day of February, 1900, filed in the United States land office in Salt Lake City an application for a patent of said lode and mining claim, and that within the period of the sixty days' publication of the notice of said application the plaintiff, claiming to be the owner of the Lily of the West lode and mining claim, in due form filed in the said land office a protest and adverse claim, based upon the Lily of the West, but which only covered a small portion of the premises for which the defendant had so applied for a patent, and thereupon proceedings, as required by section 2323 of the mining laws, were stayed in the land office, and the plaintiff, as required by said section, within 30 days from the filing of his adverse claim, instituted a suit against the defendant in the Fourth District Court of Utah to determine the right of possession of that portion of the Ralph alleged to be in conflict with the Lily of the West, and which is described by metes and bounds in the adverse claim,

and also in the complaint.  On the second day of May, 1901, the trial court made and entered a decree awarding to the plaintiff the Lily of the West, including that portion of the Ralph in conflict with the Lily of the West, described in the adverse claim, and including a portion of the Ralph which "in the complaint was not claimed by the plaintiff at all," and also awarding to the defendant all of that portion of the Ralph covered by the adverse claim.  On appeal this court reversed the decree, and remanded the case for a new trial. Upon the second trial the plaintiff was permitted to amend its complaint so as to embrace an additional area of the Ralph, not claimed by the adverse claim filed in the land office; and a decree was made and entered awarding to the plaintiff the Lily of the West, including the additional area of the Ralph included in the amended complaint, and also awarding to the defendant all of the Ralph except the portion of the same so included.  The defendant, in his answer, admits, as alleged in the amended complaint, that the plaintiff in due time and form filed in the land office a protest and adverse claim, showing the nature, extent, and boundaries thereof, but denies that the same covers the additional area of the Ralph set out in the amended complaint.

BASKIN, C. J.  (After stating the facts.) — The appellant, Ralph M. Kellogg, contends that the court erred in rendering a decree in favor of the respondent for the additional area set out in the amended complaint, which was not covered by the adverse claim. It is provided in section 2326 of the mining laws of Congress (Act May 10, 1872, c. 152, 17 Stat. 93 [U. S. Comp. St. 1901, p. 1430]) that, "where an adverse claim is filed during the period of publication, it shall be upon the oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except

27 Utah 8

the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession; and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim." In view of the facts disclosed by the record, it is clear, from the foregoing provisions of the mining law, that the pending action is purely statutory, and that the statutes of this state regulating generally actions for the recovery of real property, or for questioning the title thereto, are inapplicable. Bennett v. Harkrader, 158 U. S. 441-447, 15 Sup. Ct. 863, 39 L. Ed. 1046; Wolverton v. Nichols, 119 U. S. 485, 7 Sup. Ct. 289, 30 L. Ed. 474; Rutter v. Shoshone Min. Co. (C. C.) 75 Fed. 37; Doe v. Waterloo Min. Co. (C. C.) 43 Fed. 219. In the case of Bennett v. Harkrader, supra, the court said: "Again, in this action, brought under a special statute of the United States in support of an adverse claim, but one estate is involved in the controversy. No title in fee is or can be established. That remains in the United States, and the only question presented is the priority of right to purchase the fee. Hence the inapplicability of a statute regulating generally actions for the recovery of real estate, in which actions different kinds of title may be sufficient to sustain the right of recovery. It would be purely surplusage to find, in terms, a priority of the right to purchase, when that is the only question which can be litigated in such statutory action. If the plaintiff owns the fee, he is not called upon to file an adverse claim or commence such an action, and the statute providing therefor has no application." Iron Silver Mining Co. v. Campbell, 135 U. S. 286, 10 Sup. Ct. 765, 34 L. Ed. 155. In regard to the proceeding in the case of Rutter v. Shoshone

Min Co., supra, which was an action in support of an adverse claim, BEATTY, District Judge, said: "So far as the court is concerned, it is a special proceeding, referred to its determination for the guidance of the land office, and the jurisdiction of the court in such cases is based upon prior proceedings in such office." In the case of Doe v. Waterloo Min. Co., supra, Ross, J., said: "The proceedings here in question are purely statutory, and they had their inception, not in the court in which the suits were commenced, but, as said by the Supreme Court in Wolverton v. Nichols, 119 U. S. 488, 7 Sup. Ct. 289, 30 L. Ed. 474, by the assertion of the defendant's claim to have the patents issue to it for the land in controversy. The next step was the filing of an adverse claim by the plaintiff in the land office, and the present suits are but a continuation of those proceedings, prescribed by the laws of the United States, to have a determination of the question as to which of the contesting parties is entitled to the patents." It follows that in such statutory actions an allegation by the plaintiff that an adverse claim, in due time and form, showing its nature, boundaries, and extent, was filed in the land office, is traversable and necessary to confer jurisdiction upon the court to decide the controversy (Mont Blanc Con. G. Min. Co. v. Debour, 61 Cal. 364), and that "an action brought in support of such adverse claim must be based upon the right asserted in such claim, for the reason that it must be conclusively assumed that no adverse claim exists, except such as has been filed" (Marshall Silver Min. Co. v. Kirtley, 12 Colo. 410-415, 21 Pac. 492). Individual rights to mining claims can be acquired and held, and an absolute title to such claims obtained through the land office, only upon the terms and conditions prescribed by the mining laws of Congress. Under section 2325, Rev. St., U. S. [U. S. Comp. St. 1901, p. 1429], when no adverse claim within the time therein prescribed is filed, it must be assumed that the applicant is entiled to a patent, and that no adverse claim exists. In Lavag-

nino v. Uhlig, 26 Utah 1, 71 Pac. 1046, this court held
that the expression in the mining law, "It shall be as-
sumed," must be construed to mean "conclusively as-
sumed."

It is clear from the record and the provisions of
the mining law that the pending action is purely statu-
tory, and was brought in pursuance of the United
States statutes, and in support of the adverse claim, the
filing of which constitutes the very basis of the action;
that the only controversy between the contesting par-
ties is as to which, if either, has the right of possession
to that portion of the Ralph within the boundaries of
the adverse claim filed by the plaintiff, which, it is al-
leged, conflicts with the Lily of the West; and that it
must be conclusively presumed that the plaintiff has no
adverse claim other than that filed in the land office.
It follows that that part of the decree which awards to
the plaintiff the area outside of the boundaries of the
adverse claim in erroneous and must be set aside, and
the decree in favor of the defendant amended so as to
include said area. In all other respects the decree is
supported by the facts and findings.

It is ordered that the case be remanded, with direc-
tions to the court below to modify the decree in accord-
ance with this opinion, and that the appellant recover
his costs herein expended.

BARTCH, J., concurs.

HALL, District Judge (dissenting).    This is an
action to quiet the title or to determine the right of pos-
session to mineral lands.   The appellant filed in the
United States land office in Salt Lake City, Utah, his
application for a United States patent to the Ralph
lode mining claim, in the Tintic mining district, Utah
county.   Due notice of the pendency of such applica-
tion was published by the register of the land office; and
within the 60 days of the publication of the notice the
respondent, claiming to be the owner of the Lily of the
West lode mining claim, made and filed with the regis-

ter and receiver its adverse claim, particularly describing a conflict area between said mining claims, and within 30 days thereafter commenced this action, pending which, and from the filing of said adverse claim, all proceedings in the land office were and are suspended, except the publication of the notice and the affidavit thereof, until the determination of the right of possession shall have been decided by a court of competent jurisdiction, or the adverse claim waived.

The respondent, in its amended complaint, alleged these proceedings in the land office, and also further alleged "that on the 1st day of August, 1899, the plaintiff was, and ever since has been, and now is, the owner, subject only to the paramount title of the United States, and entitled to the possession of that mine, mining claim, or lode, containing rock in place, bearing silver, lead," etc., "called and named the Lily of the West lode or mining claim, and more particularly described as follows" (describing same), and also a description by metes and bounds of the conflict area between the two mining claims, "and that the defendant maintains and prosecutes said application for patent to said Ralph mining claim, and thereby the title and possession of the plaintiff to said above-described premises, being the conflict area between said Lily of the West mining claim and said Ralph mining claim, is wrongfully impeached, clouded, and incumbered, and the value of plaintiff's estate therein greatly depreciated, to plaintiff's damage," etc. "Wherefore plaintiff demands judgment (1) that the plaintiff is the owner and lawfully in and entitled to the possession of the last above described premises, the area in conflict between the Lily of the West mining claim and the Ralph mining claim, to the lode therein, and quieting and confirming plaintiff's title thereto and possession thereof; (2) that defendant has no title to or right of possession of said conflict area, or the lode therein, or any part thereof; (3) that the defendant be restrained pending the action and ultimately perpetually enjoined from entering in or

upon said conflict area, or the lode therein, or any part thereof, from mining or extracting any ores or metals therefrom, and for all general and proper relief." The appellant, in his answer to the amended complaint, admits the alleged proceedings in the land office, except that by the fifth paragraph of the answer the defendant, in admitting the filing of the adverse claim, qualifies the admission by limiting the adverse claim to only a portion of the land described in the amended complaint as in conflict with the Lily of the West and the Ralph mining claims; describing the boundaries of such conflict area as described in the adverse claim filed in the land office. The appellant further alleges that "on the 5th day of May, 1899, the defendant was, and ever since has been and now is, the owner, subject only to the paramount title of the United States, in the possession, and entitled to the possession, of that certain mine or mining claim or lode, containing a vein of ore and rock in place, bearing silver and other precious metals, situate in," etc., "called and designated the 'Ralph Mining Claim,' and more particularly described as follows" (describing same). Following the allegation of ownership to the Ralph mining claim, the appellant alleges the proceeding in the land office to patent said Ralph mining claim, the filing of the adverse claim of the respondent, particularly describing the conflict area, and as described in the adverse claim, and that the respondent made no other or further adverse claim in the land office to any portion of the land covered by the said Ralph mining claim. The prayer of the appellant was (1) that he be adjudged to be the owner of, and entitled to the possession of, said Ralph mining claim, inclusive of the area in conflict between said Ralph mining claim and said Lily of the West mining claim, and the lode, vein, and the ore therein; (2) that the plaintiff be restrained from claiming any title to, or right of possession of, said conflict area, or the lode or vein or the ore therein.

The action was tried by the court without a jury.

Findings of fact, conclusions of law, and a judgment were rendered by the court in favor of the respondent upon the issue of ownership and right of possession to the conflict area between the Lily of the West and the Ralph lode mining claims, as described in the amended complaint. From the pleadings, the findings of fact, conclusions of law, and the judgment, the parties seem to have pleaded and tried the action as though it was necessary to allege and prove the proceedings in the land office in order to determine the right of possession to the land in controversy. At the trial the appellant insisted that the action by the respondent could be based only upon the adverse claim filed by it in the land office; in other words, that in the trial of the right of possession the respondent was restricted to the particular land described in the adverse claim as constituting the conflict area between the Ralph and the Lily of the West mining claims.

The principal error assigned and relied upon by the appellant is that the trial court erred in permitting respondent to amend its complaint, and designate a larger area as the conflict area between the Ralph and the Lily of the West mining claims than that described in the adverse claim. The sixth assignment of error is that the court erred in making the seventh finding of fact, "that, within the sixty days of publication of the notice of the application for patent to the Ralph mining claim, plaintiff filed in the land office, under oath, a protest and adverse claim to the application for patent, which described by metes and bounds the greater portion of said premises, hereinafter described as being the portion of the Lily of the West mining claim, over-lapped by the survey of the Ralph mining claim, which said protest and adverse claim was in due form, because there was no evidence as to what portion of the premises in dispute was covered by the adverse claim, and no evidence of an adverse was introduced, or what it contained, and the finding was uncertain and ambiguous." The tenth assignment is that "the court erred

in entering judgment in favor of plaintiff and against defendant, adjudging the plaintiff to be the owner,'' etc., ''of that portion of the Ralph mining claim [describing it], and in adjudicating it to be a part of the Lily of the West Mining claim,'' etc., ''because plaintiff has not shown any protest and adverse claim to defendant's application for a patent.'' And the stress of the argument is that ''the protest and adverse claim in the land office is the foundation of the suit, and the action is one brought under a special statute of the United States in support of the adverse claim.''

The assignments are directed to the jurisdiction of the court, the form of the action, and what effect, if any, the court must give to the sufficiency or insufficiency of the proceedings in the land office, and also what effect, if any, the officers of the land department must give to the proceedings and judgment of the court.

As to the mining claim sought to be patented, the applicant for patent took the initiative in the land office and his proceeding is the assertion of an adverse claim against all other persons who may claim an adverse title or right of possession to any part of the mining claim for which the patent is applied. But when the adverse claimant also comes with his adverse claim, and the proceedings in the land office are thereby suspended, the adverse claimant, in order to preserve the status, must within 30 days commence proceedings in a court of competent jurisdiction to determine the right of possession to the land in controversy; that is, the right of possession to the conflict area that actually and in fact exists between the mining claim for which the patent is applied and the mining claim upon which the adverse claim is based, and without reference to, or the sufficiency or insufficiency of, the proceedings in the land office. As to the sufficiency or insufficiency of the application for patent, the adverse claim thereto, and the proof filed in the land office, the officers of that department alone have the jurisdiction to determine. 4 Land Dec. 314-317; Perego v. Dodge, 163 U. S. 168, 16

Sup. Ct. 971; 41 L. Ed. 113; Rose v. Richmond Min. Co., 17 Nev. 25, 27 Pac. 1105; Quigley v. Gillett, 101 Cal. 462; 35 Pac. 1040. When the proceedings in the land office are suspended, no action can be taken in the land department so long as adverse judicial proceedings are pending. Section 2326, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1430]; St. Louis S. & R. Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875; Richmond Min. Co. v. Rose, 114 U. S. 576, 5 Sup. Ct. 1055, 29 L. Ed. 273; Rose v. Richmond Min. Co., 17 Nev. 25, 27 Pac. 1105. The relinquishment by the applicant for land originally in conflict does not authorize the land department to reassume jurisdiction of the case pending judicial proceedings by the adverse claimant, who has been permitted by the court in such proceedings to amend so as to embrace a larger quantity of land than was originally included in the adverse claim. Jamie Lee Lode v. Little Forepaugh Lode, 11 Land Dec. 491.

As to the court of competent jurisdiction, the form of the action, and the pleadings, section 3511, Rev. St. 1898, is as follows: *"Action to Determine Adverse Claim.* An action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim." Also section 2915, Id., is as follows: "In an action brought by a person out of possession of real property, to determine an adverse claim of an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants, and, if the judgment be for the plaintiff, he may have a writ for the possession of the premises as against the defendants in the action, against whom judgment has passed."

The case of Perego v. Dodge, supra (an appeal to the Supreme Court of the United States from the Supreme Court of Utah Territory), presented practically the same facts as in this case with reference to the jurisdiction of the court and the form of the action. The Supreme Court, by Chief Justice Fuller, in passing

upon the question, said: ''By section 3468 of the Code of Civil Procedure of Utah [which is identical with section 3511], an action may be brought by any person against another who claims an estate or interest in real property adverse to him, for the purpose of determining such adverse claim; and this complaint was, in effect, a bill to quiet title as against an adverse claim, and prayed, accordingly, for a decree quieting plaintiff's title, and adjudicating that defendants had no title or right of possession, for injunction, and for general relief.   We are of the opinion that it was competent for the district court to grant the relief sought, and that it had jurisdiction of the subject-matter. . . . Section 2325, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1429], points out how patents for mineral lands may be obtained.   Application filed in the land office as therein described, and notice of such application published, and no adverse claim is filed at the expiration of 60 days' publication, it is assumed that the applicant is entitled to patent, and that no adverse claim exists.   Section 2326, Id. [U. S. Comp. St. 1901, p. 1430], provides: 'Where an adverse claim is filed during the period of publication it shall be upon the oath of the person making the same, and shall show the nature, boundaries and extent of such adverse claim, and all proceedings except the publication of the notice and making and filing the affidavit thereof shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction or the adverse claim waived. It shall be the duty of the adverse claimant within thirty days after filing his claim to commence proceedings in a court of competent jurisdiction to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and the failure so to do shall be a waiver of his adverse claim.' It is then provided that 'after judgment the party shall file a certified copy of the judgment roll with the register of the land office together with the certificate of the Surveyor General as to the requisite amount of labor

or improvements, and the whole proceedings and the judgment roll shall be certified by the register to the Commissioner of the General Land Office whereupon the patent shall issue for the claim.' Thus the determination of the right of possession as between the parties is referred to a court of competent jurisdiction in aid of the land office, but the form of the action is not provided for by the statute. Apparently an action at law or a suit in equity would lie, as either might be appropriate under the circumstances—an action to recover possession when the plaintiff is out of possession, and a suit to quiet title when he is in possession.''

A mining claim perfected under the law is property, in the highest sense of that term. Belk v. Meagher, 104 U. S. 283, 26 L. Ed. 735. And development work is a condition of continued ownership until the property is patented. Erhardt v. Boaro, 113 U. S. 537, 28 L. Ed. 1113.

Our Constitution and laws create the court, the form of the action, and the rules of pleading referred to by the act of Congress. But in determining the question of title or right of possession, the acts of Congress apply and control. In some instances the action may not necessarily be predicated in the land office; but, if an application for patent be pending, and the plaintiff had failed to make his adverse claim and bring his action within the time limited by the act of Congress, such failure would be a matter of defense to be set up and proven by the defendant. Altoona Q. M. Co. v. Integral Q. M. Co., 114 Cal. 100, 45 Pac. 1047; section 2325, Rev. St. U. S. [U. S. Comp. St. 1901, p. 1429]; Rose v. Richmond Min. Co., 17 Nev. 25, 27 Pac. 1105. And consequently it would not be error in the trial court to permit plaintiff to amend its complaint, by which the true boundaries of the actual conflict area between the two mining claims might be shown. That is, it was not necessary for the plaintiff, in order to maintain the action, to plead or prove the proceedings in the land office, nor for the court below to find or adjudicate such facts for

the plaintiff, because, as I have heretofore said, these are matters of defense to be set up and proven by the defendant, and in the present case he has not so pleaded. This disposes of the sixth and tenth assignments of error.

The eleventh assignment is that the court erred "in that the description runs the lines in a different direction from the calls in the location certificate of the Lily of the West mining claim." As to this, considerable evidence was offered on both sides to establish upon the ground the monuments marking the discovery and exterior boundaries of the Lily of the West claim, and from which the court below did find and establish such monuments, defining the discovery and the exterior boundaries of the claim. Of course, the location of the vein or lode of mineral as running in one direction indicated by the notice, and for years not marked on the surface, and not developed, but subsequently found to run in a different direction, and to cover another claim located after the first on ground different from that indicated by the notice, and developed by years of labor and great expenditure, is invalid as against the later claim. O'Reilly v. Campbell, 116 U. S. 418, 6 Sup. Ct. 421, 29 L. Ed. 669. But as in this case, where the boundaries of the claim were once established and marked upon the ground by stakes and monuments, so that its boundaries could thereby be readily traced, the claim as so defined would control as to its monuments and boundaries, as against the calls in the notice; that is, monuments ordinarily control courses and distances.

All of the other assignments of error are directed against the findings of fact, as being contrary to, and not supported by, the evidence. Upon a careful examination of the record, I find that evidence was given upon the facts found, and, at most, the findings could be assailed only as to the weight of evidence; there being a substantial conflict in that respect. Therefore the findings should not be disturbed.

As to the findings of the court in relation to the

proceedings in the land office, I do_not deem that they are essential, nor do they in any way affect the rights of the parties.

From what I have said, there was no error in the trial. The judgment of the court below should be affirmed.