Morgan, J.
Error by plaintiffs below, to reverse a judgment on a verdict against them in an adverse suit, based upon their adverse against the application for a patent by the defendant, as the devisee of the Gem Lode mining claim from her son, who died February 26, 1906, devising the claim to her. The plaintiffs based their claim upon a subsequent location of the Lillie of the Valley Lode which included the valuable part of the Gem Lode. The legality of the original location of both claims is admitted. The issues arose concerning the annual labor, particularly for 1905, required to be done by the deceased, before his death, and by the devisee subsequent thereto, and prior to the location by the plaintiffs.
Plaintiffs assign error: (1) That the evidence did not warrant the verdict; (2), That the court erred in not *496 permitting plaintiffs to testify as to facts occurring prior to the death of the son; (3), That defendant’s evidence failed because it disclosed that one Hanna owned an undivided half interest in the Gem Lode.
The defendant’s evidence was, prima facie, sufficient on undisputed facts, and the burden was upon the plaintiffs as to the annual labor. In case of Beals v. Cone, 27 Colo., 473, 501, 62 Pac., 948, 83 Am. St., 232, it is said:
“It is not necessary to perform the annual labor except to protect the rights of the locator against parties seeking' to initiate title to the same premises. As against such subsequent location, a prima facie case is made on the part of the original locator by showing a valid location. Hammer v. Garfield Co., 130 U. S., 291, 32 L. Ed., 964, 2 Sup. Ct., 548. * * * After a valid location, the title thus acquired remains so, whether the annual assessment work is performed or not,, until forfeited or abandoned. Renshaw v. Switzer, 15 Min. Rep., 345, 6 Mon., 464, 13 Pac., 127. So that a party seeking to initiate a claim to mining premises already legally located must prove that the annual labor thereon has not been performed, in order to establish that the ground so located is subject to location.”
The evidence on such issue was quite conflicting, and the jury must have found for the defendant thereupon, and the verdict will'have to stand.
It was not error for the lower court to reject the testimony of the plaintiffs, themselves, because they were excluded by the terms of the statute; the defendant was defending as the devisee of her son, within the meaning of the statute, the pertinent parts of which are as follows:
“No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or ad *497 ministrator, heir, legatee or devisee of any deceased person.”
This statute is followed by six exceptions, none of which can be held to include these plaintiffs. To permit them to testify would be either to create another exception, or to hold that the defendant was not defending as the devisee of a deceased person. It is contended that she is hot so defending, but in her own personal capacity and under her own personal rights. But her rights, as she asserts them, depend upon the devise to her by her son; otherwise, she could not rely upon her preferential rights under the statutes of the United States, but would be required to locate the cláim the same as any other person, being as she could not claim by any other right derived from her son, the owner thereof at the time of his death. He devised the claim to her, as a part, or the whole, of his estate; it is a part of his estate that is involved, and her rights to it, as devisee, and not otherwise; therefore it cannot be said that she was defending in any other way than as a devisee; she applied for a patent, as devisee, and she states in her answer that she defends as devisee; and in her evidence she relies upon such right alone; consequently she had the right,', by virtue of the statute, aforesaid, to exclude the testimony of the plaintiffs, as witnesses in their own behalf, as to facts occurring prior to the death of her deceased devisor.
3. It is next contended that it appeared from the defendant’s evidence that one Hanna was the owner of an undivided half interest in the claim,-the Gem Lode, for which; defendant applied for a patent. In proving her right to a patent to the Gem Lode, defendant introduced evidence to show; the location and compliance with the law, on the part of her son, prior to his death, also what was done in compliance therewith after his death; and in proving his right to the ownership of the claim at the time of his death, she introduced evidence of advertisement notices, etc., “advertising out,” Hanna, for not contributing his part of the necessary expense of annual labor on the claim, so .as to show *498 her son’s right to Hanna’s undivided half interest therein.. These advertisement notices were proved by affidavits of the publisher, as having been done at the instance of the son in the year 1905, the year prior to his death; but it is contended that her son did not make any affidavit that Hanna did not pay up his part of such expenses. Defendant then introduced an affidavit of thé administrator to that effect, which was objected to, but admitted. The defendant contended at the trial that it was even unnecessary to go any further, because no adverse claim had been filed in the land office by Hanna, and that plaintiffs could not raise the question.
The issue in this case is whether either party is entitled to a patent under the laws of the United States and the State of Colorado. Manning v. Strehlow, 11 Colo., 451, 18 Pac., 625; Marshall S. M. Co. v. Kirtley, 12 Colo., 410, 21 Pac., 492. In the latter case the court said, after quoting sections of the United States Statutes providing the necessary steps to be taken by an applicant for mineral land:
“The issuance of a patent to the applicant cannot be stayed by reason of some one else claiming a better right to the possession of the premises, unless the person making such claim files the same against the claim made by the applicant.
An action brought in support of such adverse claim must be based upon the rights asserted in such claim, for the reason that it must be conclusively assumed that no adverse claim exists except such as have been filed.”
Now, if Hanna had filed no adverse claim in the land office against the application of the defendant, it seems-from the foregoing authority, that it should be conclusively assumed that he made no claim at all, and that the government, upon the proof made, would have issued the patent to the defendant, so far as Hanna’s rights are concerned; and as the right to a patent from the United States is the issue here, and the purpose of the suit, then, evidence suffi *499 cient to satisfy the requirements of the statutes, and entitle the defendant to a patent, she having the preferential right as to these plaintiffs, by reason of the prior location under which she claims and the devise to her by her son, would be evidence sufficient to sustain the verdict and judgment, so far as the rights of all the parties are concerned. Marshall S. M. Co. v. Kirtley, supra; Becker v. Pugh, 17 Colo., 243, 247, 29 Pac., 173, 174. In the latter case the court, having under consideration the advertisement against a co-owner and the objection to the same as being irregular or insufficient, the court saod:
Decided July 23, A. D. 1915.
Rehearing denied July 28, A. D. 1915.
“We do not think the appellants are in a position to raise this question. If the service was insufficient, Evans alone can complain of such insufficiency, and he is not before the court.”
In the present case Hanna was not before the court and the rule so announced would seem quite applicable here.
The judgment is therefore affirmed.