## CHICHAGOFF EXTENSION GOLD MINING CO. v. ALASKA–HANDY GOLD MINING CO.*

### No. 6183.

Circuit Court of Appeals, Ninth Circuit.
Dec. 6, 1930.

W. II. Metson and A. H. Ricketts, both of San Francisco, Cal., and Hellenthal & Hellenthal, of Juneau, Alaska, for appellant.

Henry Roden and R. E. Robertson, both of Juneau, Alaska, for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

This suit was brought in the District Court for the purpose of having determined alleged rights of the Alaska-Handy Gold Mining Company in land included in certain mining claims in Alaska, as to the greater

*Rehearing denied February 2, 1931.

part of which the Chichagoff Extension Gold Mining Company had applied for patent. Section 2326, Rev. St. (30 USCA § 30), authorizes such a suit where adverse claim is made against a patent application. The District Court made its decision that neither party was entitled to prevail.

There is an appeal by the Chichagoff Company and a cross-appeal by the Alaska-Handy Company. The respective parties will be hereinafter referred to under the abbreviated forms of their corporate names.

The Alaska-Handy Company acquired rights of the locators of two lode claims called the Handy and the Andy prior to the time that the dispute with which the action is concerned arose. It alleged in its complaint that all required assessment work had been done upon the claims except that required for the year from July 1, 1923, to July 1, 1924, during which period, it was alleged, no assessment work was done because plaintiff was prevented from going on the property by one Tarbill, who represented the defendant company. It alleged further that in January, 1926, one Aldrich, an employee of plaintiff, relocated the Handy and the Andy claims under the name of Juneau No. 1 and Juneau No. 2, and that Aldrich thereafter made a conveyance of the same to the plaintiff company.

By its answer, the Chichagoff Company asserted that its four lode claims, located, respectively, on November 5, 1923, April 28, 1924, April 29, 1924, and May 3, 1924, were made upon unappropriated mineral lands, and alleged that the annual assessment work for the years 1920–21, 1921–22, 1922–23, 1923–24 and 1924–25 was not done on the Handy and the Andy claims.

Three claims of the Chichagoff Company conflicted in their boundary lines with the Handy and the Andy claims; all of the Andy claim was included in the Chichagoff claims, and a large part of the Handy claim was so included. The matter of the extent of the overlapping is not important.

Advisory findings of a jury, as adopted by the court, were that the annual assessment work was done by the Alaska-Handy Company for the year 1922–23, but that assessment work was not done for the year 1923–24. Assuming the correctness of these findings, then the Alaska-Handy Company was allowed by the law until July 1, 1924, to do the assessment work covering the preceding year, and it would follow that locations made by the Chichagoff Company prior to July 1, 1924, would confer no rights.

A number of assignments of error are made by the Chichagoff Company on its appeal, but its counsel has limited the issue here by his statement that the principal question involved is as to whether the annual assessment work upon the Handy and the Andy claims was done during the period July 1, 1922, and July 1, 1923, stating: "If such work was in fact done, then various conflicting locations of the defendant (the Chichagoff Company) are invalid." The determination of that question depends upon a review of the evidence heard at the trial.

The Alaska-Handy Company, as cross-appellant, insists that, under the evidence presented, the jury and the court were wrong in determining that the assessment work for the year 1923–24 had not been done. It claims additional and separate rights under its later Juneau No. 1 and Juneau No. 2 locations.

To support its claim that assessment work of the value of $100 was done on each of the locations designated as the Handy and the Andy for the years July 1, 1922, to July 1, 1923, and July 1, 1923, to July 1, 1924, the Alaska-Handy Company relied upon the testimony given by Ole Birkeland, supplemented by the testimony of the witness Thomas Tilson, Jr. The court, as noted, held that the evidence established that the required work was done for the year 1922–23, but that it was not proved that the requisite amount of assessment work was done for the year 1923–24. Birkeland testified in part that he was on the Handy and the Andy claims in May, 1922, and worked on the same during June, July, and August, 1922; that he dug down to bedrock, using powder for the purpose of trying to find and strip the vein of ore; that he blasted out stumps in the same effort; that he supplied his own powder, caps, and fuses at a cost of from $40 to $50; that the value of the work done during the year July 1, 1922, to July 1, 1923, was "a good $100 worth on each of the Handy and Andy claims"; that he left the claims in August, 1922, and returned in May, 1923, and that he worked on the claims during May, June, and July of that year. According to Birkeland's testimony, it was his intention, at his respective visits to the claims in the middle of the years 1922 and 1923, to do work which would satisfy assessment requirements on the year which was running at the time of his arrival on the ground, and the year which would commence July 1st while he was there; he testified that during his stay, commencing in May, 1923, and ending in July, 1923, he was "doing surface work, digging down, digging on the vein of each claim, and also used some powder, fuses and caps which he bought; * * * I would dig on the vein, stripping open cut work, blasting, digging to line it out to get another place where the vein is supposed to be; I did $100 worth of work in July, 1923; I did $100 of work between the discovery and the portal of the tunnel on the Handy claim, which are about 100 feet apart, and I did all the stripping on the surface; I made a cut 7 feet deep. * * *"

On cross-examination, he testified that he figured his work at $6 a day and made his calculation of the total accordingly. The witness Thomas Tilson, Jr., testified that he did prospecting work on the claims two days in June, 1922, and two days in August, 1923, with his brother, and that both did pick and shovel work.

It is true, as counsel argue, that the trial court allowed full credit to Birkeland and the testimony given by him covering the assessment work done for the year 1922–23, and that it held that the testimony was not sufficient to show a compliance with the law as to the doing of assessment work for the year 1923–24. But that testimony tended to show that more work was done in the first mentioned year. The Chichagoff Company offered negative testimony of persons who claimed to have viewed the ground during the years in question, and to have seen little evidence that there had been done the quantity or kind of work which Birkeland had described. The testimony of Tilson, Jr., was not such as to make the proof sufficient as to the doing of the assessment work in the latter year, if Birkeland's testimony was not enough. A case is not presented, in view of the conflicting testimony, where it may be said that the trial judge has not made a fair and reasonable conclusion as to the facts. Hence the decree should not be disturbed at the insistence of either party, based upon the contention on behalf of the Chichagoff Company that the evidence was not sufficient to support the finding that the assessment work was not performed for the year 1922–23, or the contention of the Alaska-Handy Company that the work was performed as required by the statute for the year 1923–24.

Was the Alaska-Handy Company entitled to a decree in its favor based upon the relocations made in 1926? Before bringing an action upon an adverse claim as against a patent application affecting mining locations, the objecting party must, within sixty days after the publication of the notice required to be given by the patent claimant file with

the register of the local land office a statement under oath as to the nature of the adverse claim and the boundaries of the land covered by it. Within thirty days after filing such claim, suit must be brought to determine the questions so raised. Sections 2325, 2326, Rev. St. (30 USCA §§ 29, 30).

The date of the last publication of the notice given by the Chichagoff Company of its application for patent was May 16, 1925. On January 12, 1926, the Alaska-Handy Company filed its notice of adverse claim. Suit was commenced on March 13, 1926. It is alleged by the Alaska-Handy Company that relocations of its two claims, under the names of Juneau No. 1 and Juneau No. 2, were made on January 16, 1926. It does not appear that prior to suit being brought any notice of additional adverse claim, based upon the relocations of January 16, 1926, was filed with the local land office. The authority for the bringing of the action is statutory. Compliance with the condition that notice of adverse claim must be first given in the manner prescribed is indispensable to the bringing of the action; and no issue can be litigated which is not proposed by the adverse notice and which does not exist at the date of filing thereof.

"So far, then, as an adverse claimant is concerned, it must necessarily follow that his rights to the premises in controversy must be limited to those existing at the time of filing his adverse. If he had no claim then, he will not be heard to assert a right to the premises in dispute by virtue of one brought into existence thereafter; otherwise, he would be permitted to assert title to the disputed premises by virtue of rights other than those upon which his adverse is based." Healey et al. v. Rupp, 37 Colo. 25, 86 P. 1015, 1017; Lily Mining Co. v. Kellogg, 27 Utah, 111, 74 P. 518.

"That a party who commences an action under the statute, to determine such right of possession, must stand or fall by the rights which he has asserted in his adverse claim, seems evident from the requirement of the statute that the nature, boundaries, and extent of such adverse claim must be shown by the adverse claim filed. * * * An action brought in support of such adverse claim must be based upon the rights asserted in such claim. * * *" Marshall Silver Min. Co. et al. v. Kirtley et al., 12 Colo. 410, 21 P. 492, 494.

The decisions last cited are also authority to the point that, the action being statutory, the law of a particular state respecting similar remedies is not applicable. The trial court, therefore, was not wrong in failing to give effect to alleged rights acquired by the Alaska-Handy Company under its locations designated as Juneau No. 1 and Juneau No. 2.

Inasmuch as the validity of the locations made after the filing of the adverse claim is not here involved, we express no opinion upon the right of a locator to relocate his claim after a forfeiture for failure to perform the assessment work required by law.

The decree is affirmed; each party to bear its own costs.