(June 12, 1903.)

## JONES v. PACIFIC DREDGING COMPANY.

[72 Pac. 956.]

ACTION TO QUIET TITLE—APPLICATION FOR PATENT—ADVERSE CLAIM—SUIT IN SUPPORT THEREOF—SUPPLEMENTAL COMPLAINT.

1. Jones and others, plaintiffs, commenced an action against the Pacific Dredging Company, a corporation, and one McNutt, to quiet their possession and title to certain placer mining ground. During the pending of the action the Pacific Dredging Company made application for a United States patent to said ground, and in opposition to such application Jones and others filed an adverse claim in the proper United States land office, and also filed a supplemental complaint in this action which showed the relationship of this suit to said application for patent and adverse claim. *Held*, that this suit may stand as a suit brought under the provisions of section 2326, Revised Statutes of the United States, in support of said adverse claim.

2. The following allegation held to be a sufficient allegation of the incorporation of defendant under the facts of this case, to wit: "That the defendant, the Pacific Dredging Company, is a corporation, organized and existing by virtue of the law and doing business in Lemhi county."

(Syllabus by the court.)

APPEAL from District Court of Lemhi County. Honorable J. C. Rich, Judge.

Action to quiet possession and title to certain placer mining ground. Judgment for plaintiffs. Affirmed.

Redwine & Boyd, for Appellants.

The court erred in allowing the supplemental complaint to be filed for the reasons: (a) It does not state a cause of action; (b) It appears from same that the time had expired in which it could be filed; (c) No connection is shown between the supplemental and original complaint. The demurrers raise the same legal question, in addition, that of ambiguity and uncertainty. For this reason, the same argument applies to both errors of law relied upon. The original and supplemental com-

plaint together, do not state a cause of action, in that there is no allegation that the Pacific Dredging Company is a corporation. The first allegation of the original complaint attempts to allege the incorporation, but it is insufficient in that it does not name the state in which the company is a corporation. (5 Ency. of Pl. & Pr. 75; 6 Thompson on Corporations, sec. 7661.). The allegation that it is a corporation is insufficient. Under the requirements of our laws the plaintiffs had only to examine the records to inform themselves of all the necessary facts. Without a statement of this nature in the complaint nothing might appear to show that any company sued was a corporation. In those states where it is held necessary to allege incorporation in all instances, the same particularity of pleading is required in actions against as in actions by corporations. It cannot be contended seriously that the allegation in paragraph 1 would be sufficient if a corporation was the plaintiff. The judgment cannot stand. (*Miller v. Pine Min. Co.*, 3 Idaho, 493 (2 Idaho, 1206), 31 Pac. 803, and cases there cited.) So far as the statement in the complaint shows, the Pacific Dredging Company might be a foreign or domestic corporation, or it might be a municipal corporation, the manner of service of summons upon each of which would be different. The allegation that the company was doing business as a corporation in Lemhi county, Idaho, would not be a sufficient allegation of incorporation to sustain a complaint. (*Brock et al. v. Northwestern Fuel Co.*, 130 U. S. 341, 9 Sup. Ct. Rep. 552, 32 L. ed. 905.) If an action was pending between the parties for the property involved in the adverse proceedings, a supplemental complaint was unnecessary and should certainly not be allowed, unless same was filed within the time prescribed by law. (U. S. Rev. Stats., sec. 2326.) The supplemental complaint sets up an entirely new cause of action. The original action was an equitable action brought to quiet title, while the supplemental complaint alleges facts tending to show that the Pacific Dredging Company alone entered upon the premises and claimed rights under a location made. A new action would lie upon the facts alleged in the supplemental complaint, and, for this reason the filing of it was error. (21 Ency. of Pl. & Pr. 22.)

R. P. Quarles and G. B. Quarles, for Respondent.

The court did not err in permitting the plaintiffs and respondents to file their supplemental complaint. Nothing in addition to what was alleged in the original complaint was alleged therein, except the doings of the defendants and appellants and what they had caused the plaintiffs and respondents to do after the filing of the original complaint, namely, the application of the defendant and appellant corporation, and the filing by plaintiffs and respondents of their adverse claim in the land office. (*In re Northwestern Lode etc. Co.,* 8 L. D. 437, Secretary Chandler to Commissioner Stockslager, at page 438.) "While the proceedings in court were not initiated under section 2326 of the Revised Statutes, there was pending at the time application was made to enter the Northwestern Lode an action before the same tribunal for the same purpose as the action contemplated in said section; therefore it was not necessary for the adverse claimant to commence another action within thirty days after filing his affidavit, and the local officers should have suspended the proceedings in accordance with the spirit of said section, pending the decision of the court. The method pointed out in said section is not necessary to give the state court jurisdiction; and if the original locators preferred to commence action at once without waiting until the other party made application for patent they had a right to do so." (Morrison on Mining Rights, 10th ed., p. 424; 8 L. D. 437; 29 L. D. 194; *Axion Co. v. Little,* 6 S. Dak. 438, 61 N. W. 441.) The court correctly overruled the demurrer to the original complaint, and also the demurrer to the supplemental complaint. The only reason appellant's counsel assigns tending to show that the court erred in overruling the two demurrers is, that there was not, in his judgment, a sufficient allegation of incorporation of the defendant, Pacific Dredging Company. The Encyclopedia of Pleading and Practice, volume 5, page 75, does not bear out counsel's contention. Said authority holds it to be sufficient to allege the legal conclusion that the defendant is a corporation, and the same authority, paragraph 2, holds that it is not necessary to set forth the act by which the cor-

poration was created, nor to allege whether such act was public or private, nor how, where, or for what purpose defendant was incorporated.   (6 Thompson on Corporations, sec. 7661.)

SULLIVAN, C. J.—This action was originally brought on July 17, 1901, to quiet the title to certain placer mining ground. The defendant McNutt filed his answer disclaiming any interest whatever in said mining ground. The appellant corporation filed a general demurrer to the complaint, which was overruled by the court. The cause was thereafter removed to the circuit court of the United States, and was thereafter remanded to the state court where the action was commenced.

On May 8, 1902, a supplemental complaint was filed to which a general and special demurrer were filed, both of which were overruled by the court. The defendant corporation refused to plead further, and the cause was heard upon the evidence introduced by plaintiffs, and judgment was entered in their favor as prayed for in the supplemental complaint.

Two errors are assigned; the first of which is the court erred in permitting the plaintiffs to file their supplemental complaint, and the second is the court erred in overruling the demurrers to the original and supplemental complaint.

The facts are substantially as follows: The respondents brought this action to quiet the title to certain placer mining claims on the seventeenth day of July, 1901. On October 8, 1901, the defendant McNutt filed his disclaimer. On October 10, 1901, the trial court made an order removing this case to the United States circuit court on the petition of the appellant corporation. On the sixteenth day of April, 1902, said circuit court remanded the case back to the state court. Thereafter the court overruled the demurrer to the complaint. On May 8, 1902, the respondents by leave of court filed a supplemental complaint reaffirming all of the allegations of the original complaint, and alleging that on the third day of July, 1902, and while this cause was pending in the circuit court of the United States, the appellant corporation had made application for a patent for the mining ground involved in this suit; that respondents had filed their adverse claim against the issuance

of a patent to the appellant corporation; that the said supplemental complaint was in support of said adverse claim and to show the relationship of this suit to said application for a patent. The prayer of the supplemental complaint is substantially the same as that of the complaint and is the usual prayer in such cases.

It will be seen from the foregoing facts that this suit was brought to quiet title in respondents to said mining claim. The right to the possession and ownership of said claims were put in issue.

After the suit was brought the appellant corporation made application for a patent to said mining ground and respondents filed an adverse claim under the provisions of section 2326, Revised Statutes of the United States. Said section provides, *inter alia,* that it shall be the duty of the adverse claimant, in such cases, within thirty days after filing his claim to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession to the mining ground involved in the controversy.

As this suit was commenced before the application for a patent was made and prior to the filing of the adverse claim, it is contended that it cannot be turned into a suit in support of an adverse claim under the provisions of said section 2326.

Morrison, in his work on Mining Rights, tenth edition, page 424, says: "When a suit is already pending between the same parties for the recovery of the ground in conflict at the time of filing the adverse, it has been ruled that such suit may stand as the suit to support the adverse, and no new suit need be brought. (8 L. D. 427, 28 L. D. 194.) In such case the plaintiff cannot dismiss so as to leave the adverse without a suit supporting it. (*Axiom Co. v. Little,* 6 S. Dak. 438, 61 N. W. 441.) In such instances there should be an amendment to the pleadings to show the relationship of the suit to the application."

In the case at bar the relationship of this suit to the application for patent is shown by the supplemental complaint. We are in full accord with the rule laid down in the above-cited authorities, as it would be a useless act to bring a second

suit involving the right to the possession and ownership of the same mining ground between the same parties. But it is suggested that the parties would not be the same, as the name of McNutt appears as one of the defendants. While McNutt's name appears as one of the defendants, he files his answer disclaiming any interest in the suit, and that disposes of him as a real defendant. We are clearly of the opinion that the court did not err in permitting respondents to file their supplemental complaint.

Under the second assignment of error it is contended that the complaint and supplemental complaint do not state a cause of action, and it is contended that there is no allegation that the Pacific Dredging Company, appellant, is a corporation.

The allegation is as follows: "That the defendant, the Pacific Dredging Company, is a corporation, organized and existing by virtue of law and doing business in Lemhi county, Idaho." Counsel contend that said allegation is not a sufficient allegation of the incorporation of the Pacific Dredging Company, because it is not alleged under the laws of what state it was incorporated, and cite 5 Ency. of Pl. & Pr. 75; 6 Thompson on Corporations, sec. 7661; *Miller v. Pine Min. Co.,* 3 Idaho, 493 (2 Idaho, 1206), and *Brock et al. v. Northwestern Fuel Co.,* 130 U. S. 341, 9 Sup. Ct. Rep. 552, 32 L. ed. 905.

The authority first above cited, at page 70, groups the authorities under two heads, to wit: 1. Those holding that no averment is necessary; and 2. Those holding averment necessary. On page 71 it is said: "A large number of decisions bearing on this question are based on the ground that if a corporation sues or is sued by a name which imports a corporation, it is not necessary to aver corporate existence or to set out the act by which it was incorporated." And in note 4 on said page 71 numerous cases in which the name imported corporation are cited. It is stated in section 7661 of Thompson on Corporations, above cited, as follows: "But everything beyond the general fact of incorporation alleged in the declaration, necessary to maintain the action, is matter of evidence upon the trial."

In *Miller v. Pine Min. Co.,* 3 Idaho, 493 (2 Idaho, 1206), 31 Pac. 803, this court held as follows: "In all cases when suit

is brought against a private corporation, it is necessary to allege its corporate character and the complaint is fatally defective in this respect." In that case there was no allegation of the corporate character of the defendant. The words "a corporation" were annexed to the name of the defendant in the title of the cause, but the complaint contained no allegation of the corporate character, while the complaint in this action contains the allegation above quoted, which we think is a sufficient allegation of the corporate character of the defendant under the facts of this case. There might be a case where it would be very difficult, if not impossible, for a plaintiff to ascertain under the laws of what state a corporation was organized, and it certainly could in no manner prejudice the rights of the corporation if the plaintiff omitted to inform it, in the complaint, of the name of the state under the laws of which it was organized as its officers and managers must know that fact.

The rule is different where the corporation is plaintiff. Defendant in such a case has a right to be informed by the complaint under the laws of what particular state or country it was incorporated.

In *Stoddard v. Onondaga An. Conf. M. P. C.*, 12 Barb. 573, the court said: "Everything beyond the general fact of incorporation, alleged in the declaration, necessary to maintain the action are matters of evidence upon the trial. . . . . And besides, in this case the fact of the incorporation is supposed to be more particularly within the knowledge of the defendant, and in such cases less strictness in averments was always permitted."

*Brock v. Northwestern F. Co., supra,* is not in point, as the only question involved there was whether the allegation of defendant's incorporation showed that it was a citizen of a different state from that of the plaintiff.

We conclude that said allegation under the facts of this case is a sufficient allegation of the incorporation of appellant.

After an examination of the complaint and cross-complaint, we conclude that they each state a cause of action, and there was no error in the action of the court in overruling said demurrers.

The judgment is affirmed and costs of this appeal are awarded to the respondents.

Stockslager and Ailshie, JJ., concur.