(September 2, 1910.)

## M. N. FEGTLY, Respondent, v. VILLAGE BLACKSMITH MINING CO., Appellant.

[111 Pac. 129.]

PLEADING — SUFFICIENCY OF COMPLAINT — ALLEGATION OF CORPORATE. CAPACITY.

(Syllabus by the court.)

1. Where a complaint against a corporation alleges "that on the 10th day of October, 1907, the plaintiff and Village Blacksmith Mining Co., a corporation, through its board of directors as officers and acting for said defendant, entered into a contract with said plaintiff," etc., and in another allegation of the complaint refers to the defendant as "a corporation," held, that the allegation of the corporate existence of the defendant is sufficient to withstand the assault of a general demurrer.

2. *Miller v. Pine Mining Co.*, 3 Ida. 495, 35 Am. St. 289, 31 Pac. 803, distinguished, and question considered but not decided as to whether or not that case expresses the correct rule of law.

APPEAL from the District Court of the Seventh Judicial District, in and for the County of Owyhee. Hon. Ed. L. Bryan, Judge.

Action by the plaintiff for debt. Judgment for the plaintiff and defendant appealed. *Affirmed.*

Richards & Haga, for Appellant.

The complaint utterly fails to allege that the defendant is a corporation properly incorporated, the state of its incorporation or its principal place of business. (Citing cases embodied in opinion as cited by appellant; *Martin v. Cook,* 14 N. Y. Supp. 329; *Oesterreicher v. Sporting Times Pub. Co.,* 5 N. Y. Supp. 3; *Mechanics' Banking Assn. v. Spring Valley S. & L. C.,* 13 How. Pr. 227.)

The recital "a corporation" is so insufficient that no testimony can be based upon it. Allegations of a pleading which are not direct, but by way of recital, are insufficient and subject to demurrer. (*Holton v. Sandpoint Lumber Co.,* 7 Ida. 573, 64 Pac. 889; *Leadville Water Co. v. Leadville,* 22 Colo. 297, 45 Pac. 364; *Berry v. Dole,* 87 Minn. 471, 92 N. W. 334; *Erwin v. Central Union Tel. Co.,* 148 Ind. 365, 46 N. E. 667, 47 N. E. 663; *Bear River etc. Mining Co.,* 4 Cal. 294; Bliss, Code Pleading, 3d ed., sec. 318; Pomeroy's Code Rem. 601.)

Pence & Tennyson, and John F. Nugent, for Respondent.

"The technicalities of pleading have been dispensed with by our code, and a plaintiff can be sent out of court only when, upon the facts pleaded, he is entitled to no relief either at law or in equity." (*Rauh v. Oliver,* 10 Ida. 3, 77 Pac. 20.)

"The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error

or defect." (Sec. 4231, Rev. Codes; *Jackson v. Barrett,* 12 Ida. 465, 86 Pac. 270; *White v. Johnson,* 10 Ida. 438, 79 Pac. 455; *Reynolds v. Corbus,* 7 Ida. 481, 63 Pac. 884; *Chemung Mining Co. v. Hanley,* 9 Ida. 786, 77 Pac. 226; *In re McVay's Estate,* 14 Ida. 56, 93 Pac. 28. Also citing the authorities mentioned in opinion as cited by respondent.)

AILSHIE, J.—The question to be determined in this case is the sufficiency of the allegations of the complaint. The defendant filed a general demurrer to the complaint which was overruled. The objection raised is that the complaint fails to show whether the defendant is a corporation, copartnership, joint stock company, or the nature of its existence. In the caption to the complaint the defendant is designated "Village Blacksmith Mining Co., a corporation." The only mention of the character of defendant's existence in the body of the complaint is found in paragraphs 1 and 4. Paragraph 1 contains the following: "The plaintiff complains and alleges: (1) That on the 10th day of October, 1907, the plaintiff and Village Blacksmith Mining Co., a corporation, through its board of directors as officers and acting for said defendant, entered into a contract with said plaintiff, under and by which the said plaintiff was to perform certain labor," etc. Paragraph 4 contains the following reference to defendant's existence and character: "That at the date of said contract the defendant, The Village Blacksmith Mining Co., a corporation, was the owner and reputed owner of the mining claims hereinbefore described," etc.

Counsel for appellant rely for a reversal of the judgment upon the authority of *Miller v. Pine Mining Co.,* 3 Ida. 495, 35 Am. St. 289, 31 Pac. 803, and *Jones v. Pacific Dredging Co.,* 9 Ida. 191, 72 Pac. 956, decided by this court, together with authorities from many other courts. In *Miller v. Pine Mining Co.,* the only reference to defendant's existence was in the caption of the complaint, wherein the defendant was referred to as "a corporation." The court said: "There is no allegation in the complaint that the defendant is a corporation, nor is there any statement of facts equivalent thereto.

The complaint is entirely silent upon the subject.  The words 'a corporation' annexed to the name of the defendant in the title of the cause is not an allegation that defendant is a corporation, but is a mere description of the person of the defendant. . . . . In all cases where suit is brought against a private corporation, it is necessary to allege its corporate character, and the complaint is fatally defective in this respect."

The complaint in the case at bar is materially different from the complaint in *Miller v. Pine Mining Co.*  In paragraph 1, it is referred to as a corporation, and the language used in that connection is equivalent to saying, "which is a corporation."  And again it is charged that it was "acting through its board of directors as officers."  In addition to being called a corporation, it is charged that it did the acts alleged through the agency of a board of directors.  A corporation is the only legal entity known to the law which acts through officers who are in law called "directors."  Again, in paragraph 5 the defendant is called a corporation, and the words "which is" or "which was" are necessarily implied from the connection in which the word "corporation" is used. We think these allegations are sufficient to withstand the assault of a general demurrer.  It should be remembered that it is the defendant itself which is complaining that its own identity is not sufficiently established in the complaint.   To our minds this is quite a different question from what it would be if the *defendant* were complaining that it was not sufficiently advised as to the identity and existence of the *plaintiff*. *The defendant knows who or what it is; it ought to know its own identity, and it certainly cannot be greatly prejudiced by a failure to allege in detail its corporate existence and identity.*

When we turn to the further and separate answer that was filed by the defendant in this case, we find by paragraph 1 thereof the following allegation, "That the said plaintiff now is and during all the times mentioned in the complaint was the acting secretary of said defendant, and in charge of the books and records of said defendant, and as such secretary it

was the duty of said plaintiff, among other things, to truth-fully and correctly record and keep the proceedings of the meetings of the board of directors and stockholders of said corporation,'' etc. Reference is thereupon made to the ''board of directors,'' ''president,'' ''manager,'' or officers of the ''said corporation'' in each of the subsequent para-graphs of the answer.

We are admonished by the provisions of sec. 4231 of the Rev. Codes that, ''The court must, in every stage of an action, disregard any error or defect in the pleadings or pro-ceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect.'' In view of the admonition of the foregoing provisions of the statute, we would not feel justified in holding that the court committed error in over-ruling the demurrer to the complaint in this case or that it was reversible error to admit the evidence offered by the plain-tiff as to the corporate existence of the defendant, and the action and conduct of its board of directors in reference to the contract and transactions involved in the action.

It has been urged by respondent in this case that the hold-ing of this court in *Miller v. Pine Mining Co., supra,* is erron-eous, and not in harmony with the general trend of authority, and we have been asked to depart from the rule there enun-ciated. In support of respondent's contention we are cited to the following authorities: 3 Thompson on Corporations, 2d ed., sec. 3197; 3 Purdy's Beach on Corporations, sec. 994; 5 Ency. P. & P., pp. 70, 71; note to *Miller v. Pine Mining Co.,* 35 Am. St. 291; *Leader Printing Co. v. Lowry,* 9 Okl. 89, 59 Pac. 245; *Los Angeles Ry. Co. v. Davies,* 146 Cal. 179, 79 Pac. 865. On the other hand, appellant cites in support of the holding of *Miller v. Pine Mining Co.* the following authorities: *Loup v. Southern R. R. Co.,* 63 Cal. 97; *People v. Cent. Pac. R. R. Co.,* 83 Cal. 398, 23 Pac. 303; *Galveston R. R. Co. v. Smith,* 81 Tex. 483, 17 S. W. 133; *Oroville & Va. R. R. Co. v. Plumas County,* 37 Cal. 360; 3 Cook on Corporations, sec. 753; 10 Cyc. 1347; Bliss on Code Pleading, secs. 246, 247; *Sun Mutual Ins. Co. v. Miss. Valley Transp. Co.,* 14 Fed. 703, 4 McCrary

636; *Winnipiseogee Lake Co. v. Young,* 40 N. H. 425; *State v. Chicago M. & St. P. R. R. Co.,* 4 S. D. 262, 56 Pac. 894; *Texas etc. Life Ins. Co. v. Davidge,* 51 Tex. 249.

The cases on this subject are pretty fully collated in the notes to secs. 3197 and 3198 of 3 Thompson on Corporations, 2d ed., and 10 Cyc., pp. 1347 to 1350; also in note to *Miller v. Pine Mining Co.,* 35 Am. St. 291, and note to *Harris v. Muskingum Mfg. Co.,* 29 Am. Dec. 375.

It must be conceded that the weight of authority is against the rule announced in *Miller v. Pine Mining Co.* We do not feel called upon, however, in this case to consider or determine as to whether this court would feel bound to follow the rule announced in the Miller case. The present case is clearly distinguishable from that case, and that fact alone is sufficient for its determination.

Judgment *affirmed,* with costs in favor of respondent.

Sullivan, C. J., concurs.