SMITH v. WHEELER et al.

(Fourth Division. Fairbanks. May 10, 1915.)

No. 1887.

1. MINES AND MINERALS ⊚⟿41—ADVERSE SUIT—PATENTS.

Pending a suit in ejectment for mining ground the defendants gave proper notice through the United States General Land Office and applied for a patent to the claim. The first publication of the notice was on February 24, 1913. Act Cong. June 7, 1910, c. 265, 36 Stat. 459 (U. S. Comp. St. 1916, § 5053), provided that an adverse claim "may be filed at any time during the sixty-day period of publication or within eight months thereafter." The adverse claim was not filed until December 26, 1913. *Held*, it was not filed within the time required by the statute to suspend the action of the land office, and the court lost jurisdiction when the time for adverse expired. Judgment for the defendants.

2. MINES AND MINERALS ⊚⟿41—COMPLAINT IN ADVERSE SUIT.

A complaint in an adverse suit regarding a mining claim in Alaska must allege the pendency of the patent proceedings by the defendant and the filing of the adverse by the plaintiff. Such allegations are necessary, that the court may determine whether or not it has jurisdiction of the cause.

3. MINES AND MINERALS ⊚⟿41—ADVERSE SUIT—PLEADING.

The mere pendency of an action of ejectment at the time patent application is made is not sufficient to suspend the proceedings. An adverse must be filed in the land office before instituting the action, and the filing of an adverse is essential to the sufficiency of the complaint. The allegation of an adverse claim, however, may be made in a supplementary complaint.

4. MINES AND MINERALS ⊚⟿43—PATENT PROCEEDINGS.

The title conveyed by a patent to a mining claim relates back to the inception of the right by location, and gold dust extracted during the time becomes the property of one who located and has held continuous possession to patent.

This is an action in ejectment. The facts as set forth in the pleadings are briefly as follows:

On the 8th of March, 1913, the plaintiff herein filed his complaint in this action with the clerk of the court. It is alleged therein that plaintiff ever since the 24th day of October, 1911, has been and now is the owner in fee, as to all

the world except the United States of America, and ever since said time has been and now is entitled to the possession of that certain tract of placer mining ground situate in the Fairbanks precinct, territory of Alaska, and known and described as the Flatiron Fraction on the left limit of Ester creek; that on or about the 18th day of June, 1912, the defendants herein wrongfully, unlawfully, and forcibly entered upon said premises, against the rights of this plaintiff, took possession of the same and the whole thereof, wrongfully and unlawfully withheld from plaintiff possession of said premises and the whole thereof, and still continue so to do, to plaintiff's damage in the sum of $5,000. Motion for injunction, supported by affidavits, and order to show cause, follow, together with injunction. On the 24th day of March, 1913, defendants Wheeler, Beegler, and Franklin, demurred to plaintiff's complaint, assigning, among other reasons, the following:

"Because the court has no jurisdiction of the subject-matter of the action; the United States land office at Fairbanks having assumed jurisdiction of the issues involved therein prior to the commencement thereof."

On the 27th of March, 1913, further injunctive relief was granted. Within the time provided by statute defendants Wheeler, Beegler, and Franklin filed their separate answer and separate amended answer, denying plaintiff's ownership of said premises, except a small strip containing about one or two acres at the southerly end of said Flatiron Fraction, and affirmatively allege that on or about June 6, 1908, defendants Wheeler, Wagner, Beegler, and one Wichman, under and by virtue of the laws of the United States and the territory of Alaska, marked the boundaries of the Happy Home Association placer claim, completed their location during the month of September, 1908, and ever since said date have continued to be the owners and in the actual possession of said claim, modified only by a recital of the sale of the interest owned by Wichman to defendant Wheeler, and lease of said premises to defendants Kinney, Franklin, and one E. J. Horner, who subsequently assigned his interest in said lease to defendants Kinney and Franklin; that said Happy Home Association placer claim includes within its exterior boundaries all of the ground described by the plaintiff in his complaint, and called by him the Flatiron Fraction, except a

small strip at the southerly end thereof, containing from one to
two acres; that at·all times hereinbefore mentioned defend-
ants Wheeler, Wagner, Beegler, and the said Wichman, and
their lessees, have been in the actual, open, and exclusive
possession of said Happy Home Association placer claim, con-
ducting extensive mining operations thereon.

By his reply, filed May 7, 1913, plaintiff generally denies
the affirmative matter contained in defendants' answer.

Thereafter various proceedings were had in the matter of
injunctive relief. The files show the separate answer and
amended separate answer of defendant Kinney, and reply
thereto. On January 17, 1914, defendants Wheeler, Beegler,
Kinney, and Franklin filed their supplemental answer, and on
February 19, 1914, their amended supplemental answer, in
which it is alleged that Beegler, by conveyance from Wheeler
and Wagner, holds legal title to said premises for convenience
in patent proceedings; that prior to the commencement of
this action the said Beegler—

"commenced patent proceedings before the Land Department of the
United States by causing to be made a survey and plat 'No. 801' of
and to the said Happy Home Association claim and procuring the
approval thereof by the surveyor general of the territory of Alaska,
and by filing his application for leave to purchase the said Happy
Home Association and for a patent, which said plat, survey, approv-
al, and application to purchase and for patent were filed in the
United States land office at Fairbanks on the 21st day of February,
1913, which said land office had and has exclusive jurisdiction of
said patent proceedings, including the title and right of possession
of said Association claim; that thereafter a notice of such applica-
tion to purchase and for patent, pursuant to the regulations of the
Land Department was duly published in the Weekly Times, a news-
paper published at Fairbanks, Alaska, and of general circulation in
the said city and vicinity, the first publication thereof occurring in
the said paper on February 24, 1913; that thereafter such proceed-
ings were had in the said United States land office that on the 26th
day of December, 1913, the said Michael Beegler made final proof of
his right to purchase and to a patent for the said Happy Home As-
sociation and was permitted by the land officers at Fairbanks to do
so, and then and there paid to the United States the full purchase
price thereof and received from the said land officers a receipt for
such money so paid, and in addition a certificate of final entry of the
said Association; that during the pendency of the said patent pro-
ceedings in the United States land office at Fairbanks, Alaska, to
wit, from and including February 24, 1913, up to and including De-
cember 25, 1913 (the said plaintiff being a party thereto), no adverse
claim to the application of the said Michael Beegler to purchase and

for patent to the said Happy Home Association was at any time filed by the plaintiff, George Smith, in the said United States land office."

In plaintiff's reply to the foregoing amended supplemental answer, it is stated in paragraph II:

"That plaintiff admits that the defendant Michael Beegler did, prior to the commencement of this action, cause to be made survey No. 801, of said Happy Home Association claim and filed in the United States land office at Fairbanks, Alaska, on or about the 21st day of February, 1913, his alleged application for a patent to said alleged Happy Home Association claim, and admits that the first alleged publication for patent was made in the Weekly Times at Fairbanks, Alaska, on February 24, 1913."

And for a further reply plaintiff alleges in paragraph III that:

"On or about the 21st day of February, 1913, the defendant Michael Beegler, acting for himself and as trustee for his codefendants G. Wheeler and M. Wagner, and as trustee for defendants J. C. Kinney and C. W. Franklin, lessees of that portion of the Happy Home Association claim in controversy herein, filed his application for patent in the United States land office at Fairbanks, Alaska, for said Happy Home Association claim and caused notice of such application for patent to be published in the Weekly Times, a newspaper published at Fairbanks, Alaska, and of general circulation in said city and vicinity, and that the first publication of said notice was made on the 24th day of February, 1913.

"IV. That before the expiration of eight months following the sixty-day period of publication, from and after said 24th day of February, 1913, and, to wit, on the 26th day of December, 1913 (December 25, 1913, being Christmas Day and a legal holiday), plaintiff filed in the land office of the United States at Fairbanks, Alaska, his adverse claim against the entry for patent of the said Michael Beegler for all that portion of the alleged Happy Home Association claim in conflict with plaintiff's said claim, said Flatiron Fraction, said ground in conflict being all of the said Flatiron Fraction, saving and excepting a small portion thereof, to wit, a strip containing about one acre of ground along the southerly end line of said Flatiron Fraction.  *  *  *

"VI. That on the 27th day of December, 1913, said adverse of this plaintiff above described was by the action of the honorable register and receiver of said United States land office at Fairbanks, Alaska, rejected, and thirty days from notice thereof was then and there allowed to plaintiff by said land office within which to appeal from said order of rejection of said adverse, to the honorable Commissioner of the General Land Office at Washington, D. C. That said notice of said rejection was received by plaintiff on the 5th day of January 1914. That within thirty days from and after

said notice, and, to wit, on the 26th day of January, 1914, plaintiff duly filed in said United States land office his notice of appeal, from said action rejecting plaintiff's said adverse, to the said Commissioner of the General Land Office, and at said time and place, and with said notice of appeal, filed plaintiff's specification and assignment of errors, and thereby perfected said appeal. That said appeal is now pending and undetermined before said Commissioner of the General Land Office."

On March 5, 1914, M. Wagner by his separate answer set forth substantially the same matters and things theretofore set forth by his codefendants.

The following motions are before the court:

(1) Defendants Wheeler, Wagner, Kinney, and Franklin move to strike out plaintiff's reply to amended supplemental answer. (The same was dismissed at the hearing.)

(2) Plaintiff's motion to strike from answer of M. Wagner.

(3) Defendants' motion for judgment on the pleadings in favor of the defendants.

(4) Defendants' motion for a judgment dismissing the action with prejudice on the ground that the court is without jurisdiction of the subject-matter of the action.

Morton E. Stevens, of Fairbanks, for plaintiff.

Louis K. Pratt and Harry E. Pratt, both of Fairbanks, for defendants.

BUNNELL, District Judge. For the purpose of arriving at a determination of the issues presented by counsel, the court deems it unnecessary to assign reasons for overruling and denying motions 2 and 3.

The complaint herein was filed on the 8th day of March, 1913. Defendants' amended supplemental answer alleges the filing by M. Beegler, one of the defendants herein, of application for leave to purchase the Happy Home Association placer claim and for a patent, together with approved survey and plat, in the United States land office at Fairbanks, Alaska, on the 21st day of February, 1913, and that thereafter a notice of such application to purchase and for patent, pursuant to the regulations of the Land Department, was duly published in the Weekly Times, a newspaper published at Fairbanks, Alaska, and of general circulation in the said city and vicinity, the first publication thereof occurring in the said

paper on February 24, 1913, also final proof of right to purchase and to a patent, payment of the full purchase price, and the receipt of a certificate of final entry of said Happy Home Association placer claim, and further alleges that the plaintiff has never filed as required by law any adverse claim in the said United States land office to said application to purchase and for a patent.

Plaintiff in his reply admits the foregoing allegations of defendants, except that on the 26th day of December plaintiff did file in the United States land office at Fairbanks, Alaska, his adverse claim against the entry for patent of said Beegler for said Happy Home Association placer mining claim.

Chapter 265, page 459, of the United States Statutes at Large, vol. 36, part 1 (U. S. Comp. St. 1916, § 5053), is as follows:

"An act extending the time in which to file adverse claims and institute adverse suits against mineral entries in the district of Alaska.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

"That in the district of Alaska adverse claims authorized and provided for in section twenty-three hundred and twenty-five and twenty-three hundred and twenty-six, United States Revised Statutes, may be filed at any time during the sixty-day period of publication or within eight months thereafter, and the adverse suits authorized and provided for in section twenty-three hundred and twenty-six, United States Revised Statutes, may be instituted at any time within sixty days after the filing of said claims in the local land office."

Section 2326, Revised Statutes of the United States (U. S. Comp. St. 1916, § 4623), provides in part as follows:

"Where an adverse claim is filed during the period of publication, it shall be upon oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim."

The regulations of the Land Department require that the adverse notice must set forth (page 1788, vol. 3, Lindley on Mines):

"The nature and extent of the interference or conflict; whether the adverse party claims as a purchaser for valuable consideration or as a locator; if the former, a certified copy of the original location, the original conveyance, a duly certified copy thereof or an abstract of title from the office of the proper recorder should be furnished; or if the transaction was a merely verbal one, he will narrate the circumstances attending the purchase, the date thereof, and the amount paid, which facts should be supported by the affidavit of one or more witnesses, if any were present at the time, and if he claims as a locator he must file a duly certified copy of the location from the office of the proper recorder."

Commenting on the sufficiency of the adverse claims, see page 1794; also page 1796.

Such, then, is the nature of an adverse claim in patent proceedings. It must be filed in the United States land office having jurisdiction of the proceedings within the time required by statute, and, having been filed, it is incumbent upon the adverse claimant to institute the proper suit within the time allowed by statute in the court of competent jurisdiction. Upon the filing of the adverse claim, the powers of the Land Department are suspended, except the publication of notice and making and filing the affidavit thereof, until such time as the adverse claim is waived or the courts have determined the merits of the adverse claim.

Coming now to the matter of suit in a court of competent jurisdiction to determine the merits of the adverse claim, it is necessary that the complaint, in order to state a cause of action must allege the pendency of the patent proceedings by the defendant, and further allege the filing of an adverse thereto by the plaintiff. Such allegations are necessary in order that the court may determine whether or not it has jurisdiction of the cause. Lindley on Mines (3d Ed.) §§ 713, 755, and 756, also page 2404; Mattingly v. Lewishon, 8 Mont. 259, 19 Pac. 310; Mont Blanc Con. Gravel Mining Co. v. Debour, 61 Cal. 264; Marshall Silver Mining Co. v. Kirtley, 12 Colo. 410, 21 Pac. 492; Mars v. Fino Mining, 7 S. D. 605, 65 N. W. 19; Upton v. Santa Rita Mining Co., 14 N. M. 96, 89 Pac. 275; Warnekros Bros. v. Cowan, 13 Ariz. 42, 108 Pac. 238; Allen v. Myers et al., 1 Alaska, 114; Cronin

v. Bear Creek Mining Co., 32 Pac. 204;[1] Lily Mining Co. v. Kellogg, 27 Utah, 111, 74 Pac. 518; Rose v. Richmond Mining Co., 17 Nev. 25, 27 Pac. 1105; Wolverton v. Nichols, 119 U. S. 485, 7 Sup. Ct. 289, 30 L. Ed. 474; Perego v. Dodge, 163 U. S. 160, 16 Sup. Ct. 971, 41 L. Ed. 113.

No merit is found in the contention that this action by virtue of the respective pleadings can be considered in the light of an action to determine the rights of the parties hereto under the provisions of sections 2325 and 2326, United States Revised Statutes, as amended by Act June 7, 1910, 36 Statutes at Large, 459. Such an action, in order to entitle the plaintiff to the relief sought, must comply strictly with the provisions of the statute. An adverse must be filed in the Land Office before instituting the action, and it is held that an allegation of the filing of an adverse is essential to the sufficiency of the complaint. This action was not instituted until after proceedings by the defendant herein, Beegler, had been initiated in the land office.

In section 755, third edition of Lindley on Mines, it is stated:

"That when an application is made for patent by one of the contending parties during the pendency of an action previously commenced which involved the right of possession of the property, the adverse claimant may file his adverse claim in the land office, and thereupon, by supplemental pleadings in the pending action, convert it into an action under section 2326 of the Revised Statutes, and no new suit need be brought, and in such case the plaintiff cannot dismiss so as to leave the adverse without a suit supporting it."

It cannot be held that this suit is within the rule. Jones v. Pacific Dredging Co., 9 Idaho, 186, 72 Pac. 956; Axiom Mining Co. v. Little, 6 S. D. 438, 61 N. W. 441.

For authorities determining the sufficiency of such supplemental pleadings as would be required if this were a case coming within the provisions of section 755 above referred to, see Enc. Pleadings and Practice, vol. 21, pp. 18, 19; Mitchell v. Taylor, 27 Or. 377, 41 Pac. 119; Hill v. Den, 121 Cal. 42, 53 Pac. 642; Wittenbrok v. Bellmer, 57 Cal. 12; Bush v. Pioneer Mining Co., 179 Fed. 78, 102 C. C. A. 372.

Plaintiff alleges in his reply that his adverse claim was

[1] Reported in full in the Pacific Reporter; reported as a memorandum decision without opinion in 3 Idaho, 614.

5 A.R.—19

filed in the land office on the 26th day of December, 1913, but admits that the eight months period following the sixty days period of publication expired on December 25, 1913, a legal holiday. The first publication was on February 24, 1913. The filing came too late, and was so determined by the register and receiver of the land office, which decision, upon appeal to the Commissioner of the General Land Office, was affirmed.

It is stated in Lindley on Mines (3d Ed.) § 738, as follows:

"In Alaska an adverse claim may be filed during the period of publication or within eight months thereafter. Notices of mineral applications which are required to be posted and published contain in themselves no words of citation, and do not purport by their own terms to fix the time for adverse action. Following the language of the statute, such a publication is simply a notice that such application has been made, and the statute constitutes the citation and fixes the time for adverse action.

"As we have heretofore noted, when a publication is ordered in a weekly newspaper, nine consecutive insertions are necessary, the first day of insertion being excluded in estimating the sixty days. The adverse claim, however, must be filed within the 60 days. Such a claim filed on the sixty-second day has been held to be too late.

"The department at one time held that a filing on or before the sixty-third day was within the time. This requirement as to time is mandatory and jurisdictional. It is a short statute of limitations, and there is no authority, either judicial or executive, to extend or abridge the period; nor is it subject to extension by act of the parties. It is wholly beyond their control. The fact that the publication of the notice is prolonged beyond the period prescribed by the statute will not extend the time to file the adverse claim. In computing the sixty-day period, the date of the first publication is excluded.

"At one time it was held that if the sixtieth day falls upon Sunday, or upon a day set apart by the laws of the state as a legal holiday, the adverse claimant would have all the next business day within which to file his claim. This ruling has been abrogated, however, and the cases upon which it rests have been expressly overruled, so that, when the last day for filing an adverse claim falls on Sunday or a holiday, it is too late to file it the day following." Holman v. Central Montana Mines Co., 34 Land Dec. 568; McCormack v. Night Hawk & Nightingale Gold Mining Co., 29 Land Dec. 374; Gross v. Hughes et al., 29 Land Dec. 467; Burnside et al. v. O'Connor et al., 30 Land Dec. 67–70; Selma Oil Claim, 33 Land Dec. 187; Deniss et al. v. Sinnott, 35 Land Dec. 304; Lindley on Mines (3d Ed.) § 756; Meyer v. Hot Springs Imp. Co., 169 Fed. 628, 95 C. C. A. 156; Shefer v. Magone (C. C.) 47 Fed. 872; Hermann et al. v. United States (C. C.) 66 Fed. 721; Johnson et al. v. Meyers et al., 54 Fed. 417, 4 C. C. A. 399.

No reason can be found for failing to observe the provisions of sections 2325 and 2326 of the Revised Statutes of the United States generally and specifically as applied to Alaska under amendment by act of Congress of June 7, 1910, 36 Statutes at Large 459. The land office acquired jurisdiction of the Happy Home Association placer mining claim by virtue of the filing therein by Beegler on the 21st day of February 1913. The plaintiff failed to avail himself of the provisions of the statute to temporarily suspend the jurisdiction of the land office and vest the same in a court of competent jurisdiction to determine the respective rights of the parties litigant. When patent proceedings were instituted, the Land Department became the main forum, to be aided in certain issues, if the adverse claimant appeal, by an auxiliary forum. Both forums were limited specifically by the plain provisions of statute.

Under certain conditions a suit can be maintained in the District Court where patent proceedings are pending in the Land Department without filing an adverse.

As stated in Turner v. Sawyer, 150 U. S. 578, 14 Sup. Ct. 192, 37 L. Ed. 1189, the provisions of Revised Statutes, §§ 2325 and 2326, for filing adverse claims before the register, does not apply when there is no dispute as to location or boundaries, and the controversy only arises upon the claim of one party to have acquired the interest of the other by legal proceedings. This action obviously does not fall within such conditions.

It appears from the pleadings herein that previous applications for a dismissal of this action have been denied, and that the court has from time to time granted injunctive relief, resulting in the depositing in the registry of this court by the defendants herein gold dust of the value of about $14,000. Upon the hearing of the motions herein counsel for defendants stated to the court that a copy of the decision of the Commissioner of the General Land Office, sustaining the decision of the register and receiver of the land office at Fairbanks, on the appeal taken by plaintiff for the rejection of plaintiff's alleged adverse filed December 26, 1913, had been received; also copy of decision of the Secretary of the Interior affirming the decision of the Commissioner of the General Land Office; that the defendant Beegler had received final

certificate; and counsel has stated that patent for said Happy Home Association placer mining claim from the United States has been received by the said Beegler.

It is stated in Lindley on Mines (3d Ed.) § 783, that it is accepted as a well-established rule of law that the title conveyed by a mining patent relates back to the inception of the right; that is, to the location upon which the patent proceedings are based. This principle is observed in the following cases: Las Vegas & T. R. Co. v. Summerfield, 35 Nev. 229, 129 Pac. 303; Reed v. Munn, 148 Fed. 737, 80 C. C. A. 215; Heydenfeldt v. Daney C. & S. M. Co., 93 U. S. 634, 23 L. Ed. 995; St. Louis Smelting Co. v. Kemp, 104 U. S. 636, 26 L. Ed. 875; Deffebach v. Hawke, 115 U. S. 392, 6 Sup. Ct. 95, 29 L. Ed. 423; Deno v. Griffin, 20 Nev. 249, 20 Pac. 308; Silver Bow M. & M. Co. v. Clark, 5 Mont. 378, 5 Pac. 570; Talbott v. King, 6 Mont. 76, 9 Pac. 434; Kahn v. Old Telegraph Min. Co., 2 Utah, 174.

It therefore appears that the gold dust deposited in the registry of the court by the defendants, as directed in the respective orders granting injunctive relief, should be returned. As a condition precedent to the delivery of the gold dust to the defendants, they will be required to file in this court certified copies of the above-mentioned decision of the Secretary of the Interior and patent.

This action may be dismissed, on the ground that the court is without jurisdiction of the subject-matter of the action. Judgment of dismissal, in accordance with the views herein expressed, may be submitted.